## INTERSTATE COMMERCE COMMISSION *v.* NORTHERN PACIFIC RAILWAY COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

No. 570. Argued February 23, 24, 1910.—Decided March 7, 1910.

Under § 4 of the act of June 29, 1906, c. 3591, 34 Stat. 589, giving the Interstate Commerce Commission power to establish through routes and joint rates where no reasonable or satisfactory through route exists, the existence of such route may be inquired into by the courts, notwithstanding a finding by the commission.

When one through route exists which is reasonable and satisfactory, the fact that the public would prefer a second which is no shorter or better cannot overcome the natural interpretation of a provision in the statute to the effect that jurisdiction exclusively depends upon the fact that no reasonable or satisfactory route exists.

As the Northern Pacific route from the points named to points between Portland and Seattle is reasonable and satisfactory, the fact that there are certain advantages in the Union Pacific or Southern route does not give the Interstate Commerce Commission jurisdiction to establish the latter as a through route against the objection of the Northern Pacific Railway Company.

THE facts are stated in the opinion.

*Mr. Wade H. Ellis*, Assistant to the Attorney General, and *Mr. P. J. Farrell*, with whom *Mr. Edwin P. Grosvenor* was on the brief, for the appellant:

The order of the Commission cannot be set aside by the court merely for the reason that the court, if placed in the position of the Commission, would not have ordered the through route. Section 1 of the Hepburn Act relates to through routes and joint rates. This gives the Commission the power to establish a through route, provided *in the opinion of the Commission* no satisfactory or reasonable through route exists. Whether or not a through route already in existence is reasonable or satisfactory rests with the Commission.

Under *Interstate Comm. Comm.* v. *Ill. Cent. R. R.*, 215 U. S. 452, the courts are without authority to set aside an order of the Commission merely for the reason that the court may deem the order inexpedient. The determination of the question of fact rests with the Commission, and not with the court. Nothing can be found in the debates to indicate that it was intended by Congress that the courts should have the authority to answer the question. 40 Cong. Rec., pt. 3, pp. 2244, 3115; pt. 6, pp. 6678, 6679, 6681.

In determining whether an existing passenger route is reasonable and satisfactory, the first inquiry necessarily must be whether that route fairly meets the requirements of the traveling public. In this case the facts show that the public interests demanded the establishment of another through route to Puget Sound points via the Portland gateway.

The authority of the Interstate Commerce Commission to establish through routes rests entirely upon the provisions of the Hepburn Act above quoted. Prior to the enactment of that law, the Commission had no power to order the establishment of through routes or joint rates. *Southern Pacific Co.* v. *Interstate Comm. Comm.*, 200 U. S. 536; *O. S. L. R. R. &c.* v. *N. P. Ry. Co.*, 51 Fed. Rep. 465; *S. C.*, 61 Fed. Rep. 158; *K. & I. Bridge Co.* v. *L. & N. R. R. Co.*, 37 Fed. Rep. 565; *Little Rock & Memphis Ry. Co.* v. *St. Louis, I. M. &*

*So. Ry. Co.,* 41 Fed. Rep. 559; *S. C.,* 59 Fed. Rep. 400; *S. C.,* 63 Fed. Rep. 975; *A. C. & S. F. Ry. Co.* v. *Miami Steamship Co.,* 86 Fed. Rep. 407.

As to what is a satisfactory route see the *Enterprise Transp. Co,* v. *Penna. R. R. Co.,* 12 I. C. C. 326.

The kind of a through route which will divest the Commission of its jurisdiction in this particular must be as beneficial to the public as the route which the Commission may otherwise establish. *Loup Creek Colliery Co.* v. *Virginian Ry. Co.,* 12 I. C. C. 471; *Chi. & Mil. El. Ry.* v. *Ill. Cent. R. R. Co.,* 13 I. C. C. 20; *Cedar Rapids & I. City Co.* v. *Chicago & N. W. Ry.,* 13 I. C. C. 250; *Cardiff Coal Co.* v. *Chi., Mil. & St. P. Ry. Co.,* 13 I. C. C. 460; *Stedman & Sons* v. *Chicago No. West. Ry. Co.,* 13 I. C. C. 167; *Pacific Coast Assn.* v. *No. Pac. Ry. Co.,* 14 I. C. C. 51; *Star Grain & Lumber Co.* v. *A., T. & S. F. Ry. Co.,* 14 I. C. C. 364; *Chamber of Commerce of Milwaukee* v. *Chicago, R. I. & Pac. Ry. Co.,* 15 I. C. C. 460.

The principles established by these cases cannot be questioned.

Under the English statute the Commission inquires whether "having regard to the circumstances," the route proposed is a reasonable one. Under our statute the language is that the Commission shall establish a route sought to be opened, "provided no reasonable or satisfactory through route exists." The provisions of the two statutes are practically the same in meaning. *E. & W. Junction Ry. Co.* v. *G. W. Ry.,* 1 Ry. & Canal Cas. 331; and see *Caledonian Ry. Co.* v. *N. British R. R.,* 3 Ry. & Canal Cas. 403; *Swindon, Mo. & A. R. R. Co.* v. *Great Western R. R.,* 4 Ry. & Canal Cas. 352.

The testimony supports the finding of fact of the Commission that as regards passenger traffic the existing through route was not reasonable or satisfactory.

In determining whether an existing through route is reasonable or satisfactory the first consideration is the public interest.

A wide difference exists between a reasonable through

route for passenger movement and one for the movement of freight. Into the former there enters a personal element which does not exist in the case of property.

The testimony adduced before the Commission supports the finding of that body that a reasonable and satisfactory through route for passengers did not already exist, and therefore the Commission was justified in opening the Portland gateway by directing the establishment of another through route.

*Mr. Charles W. Bunn* for appellee:

When the Hepburn Act was passed it had been settled that joint routes and tariffs were a matter of convention between carriers and that the act to regulate commerce contained no provision warranting their imposition by order of the Commission. *So. Pac. Co.* v. *Interstate Comm. Comm.*, 200 U. S. 536; *King* v. *N. Y., N. H. & H. R. R. Co.*, 4 I. C. C. 251, 262; *Independent Refiners* v. *Western N. Y. & P. R. Co.*, 5 I. C. C. 415, 458; *Clark* v. *L. S. & M. S. Ry. Co.*, 11 I. C. C. 558; *Re Alleged Unlawful Discrimination*, 11 I. C. C. 587.

Therefore the amendment of 1906 confers on the Commission a new power which cannot be enlarged by intendment or doubtful interpretation. This power was conferred on the Commission subject to the plain limitations stated in the language of the amendment provided no reasonable or satisfactory through route exists.

The Commission has held that it has no power to order a through route except where no reasonable or satisfactory one exists. *Cardiff Coal Co.* v. *C., M. & St. P. Ry. Co.*, 13 I. C. C. 460. But in *Pacific Coast Lumber Manufacturers' Assn.* v. *N. P. Ry. Co.*, 14 I. C. C. 23, the Commission *obiter* threw out the suggestion that there might be a difference between a reasonable route for freight and one for passengers.

Whether this *ought* to be the law is not the question. The case must be determined upon the language used by Congress.

The Union Pacific has not seen fit to build its railroad to

Puget Sound, and by the Commission's order the Northern Pacific is directed to give up some part of the revenue which it justly has expected to receive and to put the Union Pacific, by furnishing for its benefit the northern company's terminals at Seattle and Tacoma, in substantially as good a position as if it had built to Puget Sound. This would seem to be perilously near taking the Northern Pacific's property without due process of law. *Wisconsin, Minn. & Pac. R. R. Co.* v. *Jacobson,* 179 U. S. 287; *Louisville & Nashville R. R. Co.* v. *Central Stock Yards Co.,* 212 U. S. 132.

The Commission's order is novel and contrary to usage, and the testimony shows the position of the Northern Pacific to be conformable to that of railways generally.

The suggestion even that the Commission ought to have the power here exercised in the case of passenger travel, a power radically different in nature from that which it has as to freight, could not be supported historically. 40 Cong. Rec., pt. 3, p. 2244; pt. 6, pp. 6678, 6681, 1906.

The Commission says that opening the joint route through Portland would not hurt the Northern Pacific. The one fact conclusively established by the testimony of every witness examined on the point at the trial, and which the evidence leaves in no doubt, is that opening the Portland joint route would greatly increase the travel via the Union Pacific at the expense of travel via the Northern Pacific.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill to restrain the enforcement of an order of the Interstate Commerce Commission. 16 I. C. C. Rep. 300. A preliminary injunction was granted by four circuit judges, on the ground that the Commission had exceeded its powers, and the case was brought here by appeal. The order was made in a proceeding instituted by the Commission upon its own motion, and required the establishment of through routes and joint rates, for passengers and their baggage, east and

west, from and to points on the Chicago and Northwestern Railway between Chicago and Council Bluffs, Iowa, inclusive; and from and to points on the Union Pacific Railroad between Colorado common points and Omaha, Nebraska, and Kansas City, Missouri, inclusive; via Portland, Oregon; to and from points on the Northern Pacific Railway between Portland and Seattle. The joint rates are to be the same as the present rates between the same points via the, Northern Pacific road and its connections. This order concerns passenger travel in one direction only. It does not affect round trips, and it does not deal with freight.

The points between Portland and Seattle can be reached from the places mentioned at the other end of the route, by way of the Northern Pacific alone from St. Paul, or by way of the Chicago, Burlington and Quincy, to Billings, Montana, and then by the Northern Pacific for the last thousand miles; the. Chicago, Burlington and Quincy being jointly owned and controlled by the Northern Pacific and the Great Northern roads. But an average of 8,000 persons a year goes by way of the Union Pacific to Portland, where, to go further, passengers have to change to the Northern Pacific line. Under present arrangements the Union Pacific issues a coupon with its tickets, entitling the holder to a first-class passage on from Portland, but he has to exchange the coupon for a ticket, to recheck his baggage, and to pay. the additional Pullman fare. The effect of the order is to put the Union Pacific on an equal footing with the Northern Pacific in the use, for through travel, of the road belonging to the latter between Portland and Seattle. It is said that this road, with the expensive terminals of the Northern Pacific at Tacoma and Seattle, would not be supported by local business, but depends on the traffic of the whole Northern Pacific system. Therefore the Northern Pacific objects to the order and brings this bill.

The authority of the Commission to establish through routes and joint rates is conditioned by the proviso that 'no

reasonable or satisfactory through route exists.' Act of
June 29, 1906, c. 3591, § 4, 34 Stat. 584, 589. It is urged that
this condition is addressed only to the opinion of the Com-
mission and cannot be reëxamined by the courts as a juris-
dictional fact. The difficulty of distinguishing between a rule
of law for the guidance of a court and a limit set to its power
is sometimes considerable. Words that might seem to con-
cern jurisdiction may be read as simply imposing a rule of
decision, and often will be read in that way when dealing with
a court of general powers. *Fauntleroy* v. *Lum*, 210 U. S. 230,
235. But even in such a case there may be a difference of
opinion, *ibid.* 245, and when we are dealing with an ad-
ministrative order that seriously affects property rights,
and does so by way rather of fiat than of adjudication, there
seems to be no reason for not taking the proviso of the statute
in its natural sense. See *Interstate Commerce Commission* v.
*Illinois Central R. R. Co.*, 215 U. S. 452, 470.

We are of opinion then that the Commission had no power
to make the order if a reasonable and satisfactory through
route already existed, and that the existence of such a route
may be inquired into by the courts. How far the courts
should go in that inquiry we need not now decide. No doubt
in complex and delicate cases great weight at least would be
attached to the judgment of the Commission. But in the
present instance there is no room for difference as to the facts,
and the majority of the Commission plainly could not and
would not have made the declaration in their order that there
was no such through route, but for a view of the law upon
which this court must pass. It is admitted that the Northern
Pacific route is shorter than that of the Union Pacific by way
of Portland and the running time somewhat less, and it is
added by the majority that the 'passenger goes in as good
a car and is provided with as good a berth and as good a
meal.'

There is some suggestion that at times the northern route
may not be as good as the southern, although at other times

it may be better, but the ground of the order avowedly was that the personal preferences of many travelers is to go by the Southern way.   If they do, it is said, they can select from a great variety of routes as far as Ogden, Utah, they can visit cities not reached by the northern lines, they can search over a wide area for homesteads, they can behold the natural beauties that may be rivalled but not repeated on the other roads.   It appears to us that these grounds do not justify the order.   The most that can be said of them is that they are reasons for desiring a second through route, but they are not reasons warranting the declaration that 'no reasonable or satisfactory through route exists.'   Obviously that is not true, except by an artificial use of words.   It cannot be said that there is no such route, because the public would prefer two.   The condition in the statute is not to be trifled away. Except in case of a need such as the statute implies, the injustice pointed out by the Chairman in his dissent is not permitted by the law.

*Decree affirmed.*