216 U.S. 538 (1910)
INTERSTATE COMMERCE COMMISSION
v.
NORTHERN PACIFIC RAILWAY COMPANY.
No. 570.
Supreme Court of United States.
Argued February 23, 24, 1910.
Decided March 7, 1910.
APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.
*539 Mr. Wade H. Ellis, Assistant to the Attorney General, and Mr. P.J. Farrell, with whom Mr. Edwin P. Grosvenor was on the brief, for the appellant.
Mr. Charles W. Bunn for appellee.
*542 MR. JUSTICE HOLMES delivered the opinion of the court.
This is a bill to restrain the enforcement of an order of the Interstate Commerce Commission. 16 I.C.C. Rep. 300. A preliminary injunction was granted by four circuit judges, on the ground that the Commission had exceeded its powers, and the case was brought here by appeal. The order was made in a proceeding instituted by the Commission upon its own motion, and required the establishment of through routes and joint rates, for passengers and their baggage, east and *543 west, from and to points on the Chicago and Northwestern Railway between Chicago and Council Bluffs, Iowa, inclusive; and from and to points on the Union Pacific Railroad between Colorado common points and Omaha, Nebraska, and Kansas City, Missouri, inclusive; via Portland, Oregon; to and from points on the Northern Pacific Railway between Portland and Seattle. The joint rates are to be the same as the present rates between the same points via the Northern Pacific road and its connections. This order concerns passenger travel in one direction only. It does not affect round trips, and it does not deal with freight.
The points between Portland and Seattle can be reached from the places mentioned at the other end of the route, by way of the Northern Pacific alone from St. Paul, or by way of the Chicago, Burlington and Quincy, to Billings, Montana, and then by the Northern Pacific for the last thousand miles; the Chicago, Burlington and Quincy being jointly owned and controlled by the Northern Pacific and the Great Northern roads. But an average of 8,000 persons a year goes by way of the Union Pacific to Portland, where, to go further, passengers have to change to the Northern Pacific line. Under present arrangements the Union Pacific issues a coupon with its tickets, entitling the holder to a first-class passage on from Portland, but he has to exchange the coupon for a ticket, to recheck his baggage, and to pay the additional Pullman fare. The effect of the order is to put the Union Pacific on an equal footing with the Northern Pacific in the use, for through travel, of the road belonging to the latter between Portland and Seattle. It is said that this road, with the expensive terminals of the Northern Pacific at Tacoma and Seattle, would not be supported by local business, but depends on the traffic of the whole Northern Pacific system. Therefore the Northern Pacific objects to the order and brings this bill.
The authority of the Commission to establish through routes and joint rates is conditioned by the proviso that `no *544 reasonable or satisfactory through route exists.' Act of June 29, 1906, c. 3591, § 4, 34 Stat. 584, 589. It is urged that this condition is addressed only to the opinion of the Commission and cannot be reexamined by the courts as a jurisdictional fact. The difficulty of distinguishing between a rule of law for the guidance of a court and a limit set to its power is sometimes considerable. Words that might seem to concern jurisdiction may be read as simply imposing a rule of decision, and often will be read in that way when dealing with a court of general powers. Fauntleroy v. Lum, 210 U.S. 230, 235. But even in such a case there may be a difference of opinion, ibid. 245, and when we are dealing with an administrative order that seriously affects property rights, and does so by way rather of fiat than of adjudication, there seems to be no reason for not taking the proviso of the statute in its natural sense. See Interstate Commerce Commission v. Illinois Central R.R. Co., 215 U.S. 452, 470.
We are of opinion then that the Commission had no power to make the order if a reasonable and satisfactory through route already existed, and that the existence of such a route may be inquired into by the courts. How far the courts should go in that inquiry we need not now decide. No doubt in complex and delicate cases great weight at least would be attached to the judgment of the Commission. But in the present instance there is no room for difference as to the facts, and the majority of the Commission plainly could not and would not have made the declaration in their order that there was no such through route, but for a view of the law upon which this court must pass. It is admitted that the Northern Pacific route is shorter than that of the Union Pacific by way of Portland and the running time somewhat less, and it is added by the majority that the `passenger goes in as good a car and is provided with as good a berth and as good a meal.'
There is some suggestion that at times the northern route may not be as good as the southern, although at other times *545 it may be better, but the ground of the order avowedly was that the personal preferences of many travelers is to go by the Southern way. If they do, it is said, they can select from a great variety of routes as far as Ogden, Utah, they can visit cities not reached by the northern lines, they can search over a wide area for homesteads, they can behold the natural beauties that may be rivalled but not repeated on the other roads. It appears to us that these grounds do not justify the order. The most that can be said of them is that they are reasons for desiring a second through route, but they are not reasons warranting the declaration that `no reasonable or satisfactory through route exists.' Obviously that is not true, except by an artificial use of words. It cannot be said that there is no such route, because the public would prefer two. The condition in the statute is not to be trifled away. Except in case of a need such as the statute implies, the injustice pointed out by the Chairman in his dissent is not permitted by the law.
Decree affirmed.