# O'BRIEN *v.* LANE.

---

PUBLIC LANDS; OFFICERS; INJUNCTION; MANDAMUS.

Where the Secretary of the Interior, in construing a statute relating to the right to make additional homestead entries, has, after a full hearing, placed a construction thereon which is a possible one, and

has accordingly rejected an application to make such an entry, his action will not be controlled or restrained by mandamus or injunction.

No. 2523. Submitted May 14, 1913. Decided May 26, 1913.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity for an injunction against the Secretary of the Interior.                             *Affirmed.* ·

The facts are stated in the opinion.

*Mr. F. W. McReynolds* and *Mr. D. N. Clark* for the appellant.

*Mr. Charles W. Cobb, Mr. F. W. Clements,* and *Mr. C. Edward Wright* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal by Frank X. O'Brien from a decree of the supreme court of the District of Columbia dismissing appellant's bill for an order of injunction to restrain Franklin K. Lane, the Secretary of the Interior of the United States, from rejecting appellant's application to make a homestead entry.

It appears that one Baty, a soldier, in 1868, made a homestead entry of 80 acres under the act of Congress of May 20, 1862 (Rev. Stat. sec. 2289, U. S. Comp. Stat. 1901, p. 1388), which, among other things, provides: "And every person owning and residing on land may, under the provisions of this section, enter other land lying contiguous to his land, which shall not, with the land so already owned and occupied, exceed in the aggregate one hundred and sixty acres."

Appellant is here attempting to assert Baty's alleged right to make a soldier's additional entry under Rev. Stat. sec. 2306, U. S. Comp. Stat. 1901, p. 1415, which provides: "Every person entitled, under the provisions of section twenty-three hun-

dred and four, to enter a homestead who may have heretofore· entered, under the homestead laws, a quantity of land less than one hundred and sixty acres, shall be permitted to enter so much. land as, when added to the quantity previously entered, shall not exceed one hundred and sixty acres." It must be assumed that whatever rights Baty would have had under this statute, appellant may assert as his lawful assignee.

It appears that when Baty entered 80 acres under the act of 1862, he was the owner of 80 acres on which he resided adjoin-- ing the tract entered. It was held by the Secretary that, inas-- much as the right was fully exhausted under that act, he had no· right left which he could exercise under the later act. The in- terpretation and application of these acts is within the jurisdic-- tion conferred upon the Secretary of the Interior. He is vested. with authority to administer the affairs relating to the manage- ment and disposition of the public lands of the United States. In the exercise of this power he is required to construe the laws. enacted for his direction, and, so long as his construction is a possible one, it will not be controlled by injunction or man- damus. *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356. This familiar rule has. been announced in many recent decisions of this court.

The action which it is alleged the Secretary threatens to take· is neither arbitrary nor capricious. If a full hearing has been accorded appellant, which we must assume is the case, the Sec- retary will be only exercising the judgment and discretion re- posed in him by law, which cannot be controlled or restrained by injunction. The decree is affirmed, with costs.

*Affirmed.*

An application for an appeal to the Supreme Court of the· United States was pending, at the time of this report.