**COMMERCIAL SOLVENTS CORPORATION v. MELLON, Secretary of the Treasury, et al.**

(Court of Appeals of District of Columbia. Submitted December 5, 1921. Decided January 3, 1922.)

No. 3738.

1. **Appeal and error** ⬳927(2)—Allegations of bill, dismissed on submission on bill, taken as true.

On appeal from a decree dismissing a bill, after the cause was submitted on the bill alone, the case must be disposed of on the assumption that all the allegations of the bill are true.

2. **Customs duties** ⬳22—Congress can fix conditions on which privilege granted by it can be enjoyed.

Dye and Chemical Control Act May 27, 1921, tit. 5, extends a privilege to manufacturers of certain chemicals and their substitutes to have the importation of competing goods prohibited, and it was competent for Congress to fix the conditions under which the privilege should be enjoyed.

3. **Customs duties** ⬳53—Authority to administer act excluding importation includes interpretation of act.

The authority given to the Secretary of the Treasury by Dye and Chemical Control Act May 27, 1921, tit. 5, to administer that act, gives him the implied authority to interpret it, because interpretation is necessary to the performance of his administrative duty.

4. **Injunction** ⬳75—Mandamus ⬳73(1)—Courts cannot review, by mandamus or injunction, decision of administrative officer within jurisdiction.

The courts cannot review, by mandamus or injunction, a decision of the Secretary of the Treasury, made within his jurisdiction, to interpret Dye and Chemical Control Act May 27, 1921, tit. 5, if he did not act in a capricious or arbitrary manner.

5. **Injunction** ⬳75—Decision that fusel oil is not organic compound held within jurisdiction of Secretary of the Treasury, and not reviewable on suit for injunction.

A decision by the Secretary of the Treasury that fusel oil was not a synthetic organic chemical, within Dye and Chemical Control Act May 27,

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

1921, tit. 5, prohibiting the importation of such chemicals, unless the Secretary of the Treasury determines that the article or a satisfactory substitute therefor is not obtainable in the United States, which decision involved the determination of a question of fact requiring the application of technical knowledge, as to which there was evidence on both sides sufficient to sustain a decision, was within the jurisdiction of the Secretary of the treasury, and cannot be reviewed by the courts in a suit for injunction.

Appeal from the Supreme Court of the District of Columbia.

Suit for injunction by the Commercial Solvents Corporation against Andrew W. Mellon, Secretary of the Treasury, and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

B. H. Warner, Jr., of Washington, D. C., and Edward P. Keech, Jr., of Baltimore, Md., for appellant.

Peyton Gordon and C. W. Arth, both of Washington, D. C., for appellees.

SMYTH, Chief Justice. The Dye and Chemical Control Act, approved May 27, 1921, by title 5, provides, among other things, that—

"No synthetic organic drugs or synthetic organic chemicals shall be admitted to entry or delivered from customs custody in the United States * * * unless the Secretary [of the Treasury] determines that such article or a satisfactory substitute therefor is not obtainable in the United States * * * in sufficient quantities and on reasonable terms as to quality, price and delivery," etc.

Hon. Edward Clifford, Assistant Secretary of the Treasury, with the approval of Mr. Secretary Mellon, issued an order on September 30, 1921, that "fusel oil should not be considered to be a synthetic organic chemical within the meaning of the act," and that permits for its release from customs custody were not required.

The Commercial Solvents Corporation, hereafter referred to as the corporation, manufactures at its plant in Indiana butyl alcohol, which it alleges can be used, and is in fact being used, by practically all of the former users of fusel oil as a satisfactory and efficient substitute for that oil. It asserts that fusel oil is a synthetic organic chemical, and that its entry into the United States is prohibited by the act, since the corporation's plant has ample capacity to manufacture a satisfactory substitute for it, is able to supply all the needs and demands for such oil, and offers the same for sale at a reasonable price, and on even and equal terms with all purchasers, having regard for the quantities of their purchases, any difference in price being merely sufficient to equalize the difference in the cost of selling in large or small quantities. It also alleges that, if the Secretary of the Treasury should permit the importation of fusel oil in accordance with the order just mentioned, the corporation would sustain great loss and damage.

Accordingly it filed its bill in the Supreme Court of the District, praying for an injunction forbidding the Secretary and the other appellees to give any instruction to any collector of a port of the United States, or other person, permitting the importation of fusel oil,

except in the special cases provided for in the act. In response to a rule to show cause the Secretary of the Treasury and his associate appellees filed an answer. Upon a consideration of the bill and answer, an injunction pendente lite was denied. Thereupon the plaintiff submitted the cause on its bill alone. The court, being of the opinion that the bill did not state a sufficient cause for the relief sought, dismissed it, and the corporation brings the case here for our review.

[1] The case must be disposed of on the assumption that all the allegations of the bill are true. If, when thus taken, they do not disclose a cause for action, the decree must be affirmed.

[2, 3] The act in question operates to extend a privilege to manufacturers of certain chemicals and their substitutes. It was competent for Congress to fix the conditions under which the privilege should be enjoyed. Calhoun v. Massie, 253 U. S. 170, 176, 40 Sup. Ct. 474, 64 L. Ed. 843. Among them is the one that the Secretary of the Treasury shall administer the act. To do this he has implied authority to interpret it, because that is necessary to the performance of his administrative duty. Hall v. Payne, 254 U. S. 343, 41 Sup. Ct. 131, 65 L. Ed. ——.

The corporation alleges in its bill that various importers and would-be importers of fusel oil made representations to various bureaus and officials of the Treasury Department to the effect that such oil is not a synthetic organic chemical; that these representations were considered by the appellees in their respective capacities as Chief of the Dye and Chemical Control Section, as Chief of the Customs Division, and as Secretary of the Treasury; that the Secretary of the Treasury decided that fusel oil was not a synthetic organic chemical, and that its importation, except subject to special license, etc., was not prohibited by the terms of the act. It also alleges that this decision, made after the consideration just mentioned, is not correct, and asks the court to review and reverse it, on the assumption that the court has the right to exercise its independent judgment with respect to the facts set forth in the bill and decide the case on the merits; in other words, that we have a right to substitute our judgment for that of the Secretary, if we think he was wrong, even though he was acting within his jurisdiction when he rendered his decision.

[4] With commendable candor counsel for the corporation say:

"It is not contended in this case that the Treasury Department has acted in a capricious or arbitrary manner."

This being admitted have we the power to grant the relief prayed? The law is well settled that we have not. New Orleans v. Paine, 147 U. S. 261; Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 Sup. Ct. 698, 47 L. Ed. 1074; Ness v. Fisher, 223 U. S. 683, 32 Sup. Ct. 356, 56 L. Ed. 610; Duncan Townsite Co. v. Lane, 245 U. S. 308, 38 Sup. Ct. 99, 62 L. Ed. 309; Houston v. St. Louis Packing Co., 249 U. S. 475, 484, 39 Sup. Ct. 332, 63 L. Ed. 717, and cases cited; Brougham v. Blanton Manufacturing Co., 249 U. S. 495, 39 Sup. Ct. 363, 63 L. Ed. 725; Hall v. Payne, 254 U. S. 343, 41 Sup. Ct. 131, 65

L. Ed. —; Handel v. Lane, 45 App. D. C. 389; Ashley v. Roper, 48 App. D. C. 69; Hall v. Lane, 48 App. D. C. 279.

In the Riverside Oil Co. Case the court, speaking of a decision of the Secretary of the Interior, said:

"Whether he decided right or wrong is not the question. Having jurisdiction to decide at all, he had necessarily jurisdiction, and it was his duty to decide as he thought the law was, and the courts have no power whatever under those circumstances to review his determination by mandamus or injunction." 190 U. S. 324, 23 Sup. Ct. 702, 47 L. Ed. 1074.

This language is used after reviewing earlier decisions which were to the same effect. The question was again examined in the Ness Case, and the conclusion reached that, where the Secretary's decision was not arbitrary or capricious, the courts would not disturb it. One of the latest decisions of the court is in the Payne Case, where the rule is adhered to.

Counsel for the corporation, as we understand them, do not challenge this doctrine. On the contrary, they, in effect, admit its soundness, but deny that it is applicable to this case, and direct our attention to decisions which they claim support their contention. The decisions chiefly relied upon are United States v. United Verde Co., 196 U. S. 207, 25 Sup. Ct. 222, 49 L. Ed. 449; Waite v. Macy, 246 U. S. 606, 38 Sup. Ct. 395, 62 L. Ed. 892; Macy v. Browne (D. C.) 215 Fed. 456; and Macy v. Browne, 224 Fed. 359, 140 C. C. A. 45.

The United Verde Case turned on the meaning of the word "domestic" in an act permitting citizens in mineral districts to remove, for building, agricultural, mining, "or other domestic purposes," any timbers growing on mineral lands of the United States. The Secretary of the Interior, who was authorized to administer the act, made a regulation to the effect that no timber could be removed from such lands "for smelting purposes." The court held that those purposes were domestic purposes, within the purview of the act, and that the regulation was outside the jurisdiction of the Secretary; that it was in effect an amendment of the act. That we are right in this view of the holding is demonstrated by the decision in the Waite Case, supra, 246 U. S. 608, 38 Sup. Ct. 395, 62 L. Ed. 892.

The Macy Case involved the action of a board appointed by the Secretary of the Treasury under the Act of March 2, 1897 (29 Stat. 604 [Comp. St. §§ 8786–8796]). The Secretary was authorized, upon the recommendation of the board, to establish "uniform standards of purity, quality and fitness for consumption of all kinds of tea imported," etc. Standards were adopted. Macy and others proceeded to import tea, which, while of admitted excellence, did not conform to the standards, and importation was refused. An application for an injunction against the board was denied by the District Court, 215 Fed. 456. On review the Circuit Court of Appeals reversed the ruling, holding in effect that, since it was admitted that the tea was excellent in quality and in no sense deleterious to health, the Secretary of the Treasury acted outside of his jurisdiction in denying it importation. 224 Fed. 359, 140 C. C. A. 45. The case went

to the Supreme Court of the United States under the name of Waite v. Macy, supra, and was there affirmed, the court saying:

"No doubt it is true that this court cannot displace the judgment of the board in any matter within its jurisdiction, but it is equally true that the board cannot enlarge the powers given to it by statute and cover a usurpation by calling it a decision on purity, quality or fitness for consumption."

In support of its conclusion it cited cases among which is United Verde Co., supra. It will be observed that the decision was not placed upon the ground that the Secretary had merely erred, but upon the basis that his action was not within his jurisdiction; therefore was arbitrary and unwarranted. This decision is in harmony with the many cases which we have cited above, and there is nothing in it or in any of the other cases relied upon which supports the position of the corporation.

[5] If it could be said that the action of the Secretary was beyond his jurisdiction, cases cited by the corporation would be in point; but it cannot be. Clearly, as was ruled in Hall v. Payne, supra, the Secretary of the Treasury "could not administer or apply the act without construing it, and its construction involved the exercise of judgment and discretion," which may not be disturbed by the courts. The question to be decided was one of fact, involving the application of technical knowledge. There was evidence on both sides sufficient to sustain a decision either for or against the contention of the corporation. This is admitted in effect by the latter, for it says that his action was not arbitrary or capricious. The Secretary was acting, therefore, within his jurisdiction, and the courts will not revise his decision.

We see no escape from the conclusion that the lower court was right, and its decree is therefore affirmed, with costs.

Affirmed.