## BULLOCK et al. v. CHICAGO, B. & Q. R. CO.

### No. 3478.

District Court, D. Minnesota, Fourth Division.

July 16, 1937.

Victor J. Hermel and G. H. Smith, both of Minneapolis, Minn., for plaintiffs.

BELL, District Judge.

This is an action under section 16 of the Interstate Commerce Act (49 U.S.C.A. § 16) to enforce a reparation order of the Interstate Commerce Commission requiring the defendant to pay the plaintiffs certain alleged unreasonable charges on freight shipments.

The plaintiffs complained to the commission that on nine shipments of petroleum products made during the period from April to November, 1930, freight charges in excess of the rates prescribed in Porter Oil Company v. Atchison, T. & S. F. Ry. Co., 172 I.C.C. 407, decided February 9, 1931, were collected. A hearing was held and the commission found that charges in excess of the prescribed rates had been made on two shipments to Madrid, Neb., one from Arkansas City, Kan., and the other from Allen, Okl., and reparation on the two shipments was ordered. Bullock & Bullock v. Atchison, T. & S. F. R. Co., 196 I.C.C. 491. Reparation was not allowed on the other seven shipments.

The plaintiffs' evidence herein consisted of the report and order of the commission. The defendant submitted a complete record of the proceedings before the commission. The question thus presented is whether there is substantial evidence to support the findings of the commission. The only evidence in the proceedings before the commission that plaintiffs paid and bore the freight charges was the original receipted freight bills covering the shipments. These bills were offered by a representative of the complainants who had possession of them but who had no knowledge of the payment of the freight charges, and who was not familiar with the books and records of the plaintiffs or the carrier. Their authenticity was not established; in fact, no foundation whatever was laid to show admissibility. Furthermore, no one having personal knowledge of the payment of the freight or who was qualified to testify as to the payment there-of appeared as a witness for the plaintiffs, and no deposition containing such testimony was offered.

The plaintiffs contend that the commission is an administrative body and not required to observe the ordinary rules of evidence, that the action of the commis--

sion in receiving the freight bills in evidence was within its discretion, and that the court has no power to determine the competency of the testimony received by the commission. The defendant contends that there is no competent evidence in the record to support the findings of the commission and that its order is void. The report of the commission shows that "no one having personal knowledge of the paying or bearing of the charges appeared at the hearing"; and the plaintiffs concede that "the evidence was not competent in a court of law." Consequently, the question resolves itself into whether the court should sustain findings of the commission based solely on incompetent evidence.

■ The statute on which this action is based, section 18, subd. 2, Interstate Commerce Act (49 U.S.C.A. § 16, subd. 2), provides: "Such suit in the district court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated." Under this statute, the plaintiffs established a prima facie case by introducing in evidence the findings of the commission. The provision of the statute, however, merely establishes a rebuttable presumption and, in effect, amounts to a rule of evidence. Mills v. Lehigh Valley Railroad Company, 238 U.S. 473, 35 S.Ct. 888, 59 L.Ed. 1414; Meeker v. Lehigh Valley Railroad Company, 236 U.S. 412, 414, 35 S.Ct. 328, 59 L.Ed. 644, Ann.Cas.1916B, 691; Spiller v. Atchison, T. & S. F. Railroad Co., 253 U.S. 117, 131, 40 S.Ct. 466, 472, 64 L.Ed. 810; Southern Railway Company v. Eichler et al. (C.C.A.) 56 F.(2d) 1010, 1017.

The Interstate Commerce Commission is an instrumentality of the government of the United States. Its duties are prescribed by law and its functions have been designated as administrative, quasi legislative, and quasi judicial. A distinction has been made in the character of the function performed by the commission as to the effect of its findings, reports, and orders. Baer Brothers Mercantile Co. v. Denver & Rio Grande Railroad Company, 233 U.S. 479, 34 S.Ct. 641, 644, 58 L.Ed. 1055. In that case the court said:

"But awarding reparation for the past and fixing rates for the future involve the determination of matters essentially different. One is in its nature private and the other public. One is made by the Commission in its quasi judicial capacity to measure past injuries sustained by a private shipper; the other, in its quasi legislative capacity, to prevent future injury to the public."

■ When the commission is performing an administrative or a quasi legislative function, it is in search of facts pertaining to matters in which the public is interested and it is not limited in its investigations by a rigid adherence to the strict rules of evidence observed by judicial tribunals. Interstate Commerce Commission v. Louisville & Nashville Railroad Company, 227 U.S. 88, 93, 33 S.Ct. 185, 57 L.Ed. 431. The courts in such cases may inquire as to whether the commission has acted within the scope of its authority under the law, whether its findings are supported by substantial evidence, and whether its findings are sufficient to sustain its order. The courts may correct an error of law made by the commission, whether substantive or procedural. In such matters, courts should exercise the greatest caution in disturbing the findings of an experienced administrative or quasi legislative body made in the performance of its duties as prescribed by law. The credibility of witnesses, the weight of the evidence, and the conclusions to be drawn therefrom in matters before the Interstate Commerce Commission are for it to determine; and its findings of fact will not be reviewed by the courts if supported by substantial evidence. Merchants' Warehouse Company v. United States, 283 U.S. 501, 51 S.Ct. 505, 75 L.Ed. 1227; Assigned Car Cases, 274 U.S. 564, 47 S.Ct. 727, 733, 71 L.Ed. 1204; Virginian Railway Company v. United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.Ed. 463; Western Paper Makers' Chemical Company v. United States, 271 U.S. 268, 46 S.Ct. 500, 70 L.Ed. 941. In this connection the court in Assigned Car Cases said:

"It is not for courts to weigh the evidence introduced before the Commission, Western Paper Makers' Chemical Co. v. United States, 271 U.S. 268, 271, 46 S.Ct. 500, 70 L.Ed. 941; or to inquire into the soundness of the reasoning by which its conclusions are reached, Interstate Commerce Commission v. Illinois Central R. Co., 215 U.S. 452, 471, 30 S.Ct. 155, 54 L.Ed. 280; Skinner & Eddy Corporation v. United States, 249 U.S. 557, 562, 39 S.Ct. 375, 63 L.Ed. 772; or to question the wis-

dom of regulations which it prescribes, United States v. New River Co., 265 U.S. 533, 542, 44 S.Ct. 610, 68 L.Ed. 1165. These are matters left by Congress to the administrative 'tribunal appointed by law and informed by experience.' Illinois Central R. R. Co. v. Interstate Commerce Commission, 206 U.S. 441, 454, 27 S.Ct. 700, 704, 51 L.Ed. 1128."

■ The commission in an action under the statute for reparation is performing a quasi judicial function. The action is a suit for the payment of money, private in its nature, and the public is not concerned; so, of course, there are substantial reasons why in a proceeding of this kind the rules of law governing the admission of evidence should be more carefully observed by the commission. The evidence in such cases should be as competent and conclusive as is necessary to support a judgment in an action at law. Indeed, the commission might well have adhered to its own rule as announced in Anadarko Cotton Oil Company v. Atchison, T. & S. F. Ry. Co., 20 I.C.C. 43, 49, as follows:

"An award of the Commission in reparation of damages resulting from a violation of the act to regulate commerce is not enforceable as such, but in a suit in court for such damages the findings and order of the Commission are prima facie evidence in support thereof. It follows that the Commission is not justified in awarding damages in any case except on a basis as certain and definite in law and in fact as is essential to the support of a final judgment or decree requiring the payment of a definite sum of money by one party to another."

In this connection, the language of Mr. Justice Brandeis in his concurring opinion in the case of St. Joseph Stock Yards Co. v. United States, 298 U.S. 38, 74, 56 S.Ct. 720, 735, 80 L.Ed. 1033, should be observed, as follows:

"Moreover, where what purports to be a finding upon a question of fact is so involved with and dependent upon questions of law as to be in substance and effect a decision of the latter, the Court will, in order to decide the legal question, examine the entire record, including the evidence if necessary, as it does in cases coming from the highest court of a state. Compare Kansas City Southern Ry. Co. v. Albers Commission Co., 223 U.S. 573, 591, 32 S.Ct. 316, 56 L.Ed. 556; Cedar Rapids Gas Light Co. v. Cedar Rapids, 223 U.S. 655, 668, 669, 32

S.Ct. 389, 56 L.Ed. 594. It may set aside an order for lack of findings necessary to support it, Florida v. United States, 282 U.S. 194, 212–215, 51 S.Ct. 119, 75 L.Ed. 291; or because findings were made without evidence to support them, New England Divisions Case, 261 U.S. 184, 203, 43 S.Ct. 270, 67 L.Ed. 605; Chicago Junction Case, 264 U.S. 258, 262–266, 44 S.Ct. 317, 68 L.Ed. 667; or because the evidence was such 'that it was impossible for a fairminded board to come to the result which was reached,' San Diego Land & Town Co. v. Jasper, 189 U.S. 439, 442, 23 S.Ct. 571, 572, 47 L.Ed. 892; or because the order was based on evidence not legally cognizable, United States v. Abilene & Southern Ry. Co., 265 U.S. 274, 286–290, 44 S.Ct. 565, 68 L.Ed. 1016; or because facts and circumstances which ought to have been considered were excluded from consideration, Interstate Commerce Comm. v. Northern Pacific Ry. Co., 216 U.S. 538, 544, 545, 30 S.Ct. 417, 54 L.Ed. 608; Northern Pacific Ry. Co. v. Department of Public Works, 268 U.S. 39, 44, 45 S.Ct. 412, 69 L.Ed. 836; or because facts and circumstances were considered which could not legally influence the conclusion, Interstate Commerce Comm. v. Diffenbaugh, 222 U.S. 42, 46, 47, 32 S.Ct. 22, 56 L.Ed. 83; Florida East Coast Ry. Co. v. United States, 234 U.S. 167, 187, 34 S.Ct. 867, 58 L.Ed. 1267; or because it applied a rule thought wrong for determining the value of the property, St. Louis & O'Fallon Ry. Co. v. United States, 279 U.S. 461, 49 S.Ct. 384, 73 L.Ed. 798. These cases deal with errors of law or irregularities of procedure."

The courts, in actions to enforce reparation orders, have analyzed the character of the evidence before the commission:

In Southern Railway Company v. Eichler, supra, the Circuit Court of Appeals for the Eighth Circuit said:

"But the evidence may always be examined to ascertain whether the findings of the Commission are properly supported (Florida v. United States, 282 U.S. 194, 215, 51 S.Ct. 119, 75 L.Ed. 291); and, in an action to enforce reparation awarded a shipper, the findings and order of the Commission are prima facie only, and not conclusive evidence of the facts therein stated. This provision of statute (section 16, Interstate Commerce Act) 'only establishes a rebuttable presumption. It cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes

no question of fact from either court or jury. At most, therefore, it is merely a rule of evidence.'"

In Blair et al. v. Cleveland, C., C. & St. L. Ry. Co. et al. (D.C.) 45 F.(2d) 792, 793, affirmed (C.C.A.) 59 F.(2d) 478, the Circuit Court of Appeals for the Seventh Circuit said:

"Considering the evidence and bearing in mind the objections to and the criticisms of the evidence submitted to the Commisson, I am of the opinion there was substantially competent evidence before the Commission to support its findings and order; that the Commission did not act arbitrarily or unlawfully; that the prima facie case of the Commission's findings and order is not overcome by the defendants; and that there should be a judgment as prayed. I shall, therefore, not discuss in detail the evidence submitted. It may be that certain of that testimony is incompetent, and that certain comparisons claimed to have been relied upon by the Commission were improperly considered, but there is sufficient evidence competent in character to sustain the findings and order."

In Willamette Iron & Steel Works v. Baltimore & Ohio R. Co., 29 F.(2d) 80, 81, the Circuit Court of Appeals for the Ninth Circuit said:

"In support of its appeal, the appellant contends in substance that the court below was without jurisdiction to review the questions determined by the Interstate Commerce Commission, or to inquire into the meaning of the published tariffs or their application to the shipments in question; in other words, that it was the duty of that court to enforce the order of the Commission, without any inquiry into its merits. This contention is not borne out by the language of the statute, and an attempt on the part of Congress to give any such effect to the orders of an administrative board would be open to grave constitutional objections."

The court obviously is charged with the power and duty in this case to ascertain whether the findings of the commission are supported by substantial evidence, and it necessarily follows that the court must consider the competency and probative value of the evidence. If there is no competent evidence in the record, of course, there is no substantial evidence to support the findings. A finding unsupported by any evidence is void. Chicago Junc-tion Case, 264 U.S. 258, 265, 44 S.Ct. 317, 319, 68 L.Ed. 667. The court is not bound by the statute, or any rule of law, to accept as conclusive the action of the commission in receiving or rejecting evidence. The statute makes the findings and order of the commission only prima facie evidence of the facts therein stated and not conclusive evidence. Any other construction would be subject to very definite constitutional objections. To adopt the plaintiffs' theory would make the findings and order conclusive. This position cannot be sustained.

The plaintiffs rely on a statement of the court in the case of United States v. Abilene & Southern Railway Company, 265 U.S. 274, 288, 44 S.Ct. 565, 569, 68 L.Ed. 1016, is as follows: "The mere admission by an administrative tribunal of matter which under the rules of evidence applicable to judicial proceedings would be deemed incompetent does not invalidate its order." This case does not sustain plaintiffs' contention for the reason, among others, that there is substantial evidence to sustain the findings of the commission exclusive of the incompetent evidence that had been received. Of course, the admission of incompetent testimony does not invalidate the findings if there is substantial evidence to support them. It should be noted that the court in that case further said: "But a finding without evidence is beyond the power of the Commission."

Attention also has been directed to Spiller v. Atchison, T. & S. F. Ry. Co., 253 U.S. 117, 40 S.Ct. 466, 64 L.Ed. 810. In that case an attack was made on the findings and order of the commission on the ground that incompetent evidence had been received. The court sustained the findings and order; but no objection had been made to the introduction of the evidence on the ground of incompetency, and it was merely cumulative testimony pertaining to facts proved by competent evidence in the record.

Other cases have been cited wherein language has been used to the effect that the courts will not weigh the testimony, or substitute their judgment for that of the commission, and the like. Such statements will be found in connection with proceedings where the commission was acting in its administrative or quasi legislative capacity, and not in its quasi judicial capacity.

Incidentally, the plaintiffs cannot maintain a claim for unreasonable charges

on the seven shipments in this action. This suit is to enforce a reparation order of the commission and as the order did not contain an allowance on the seven shipments, the charges thereon are not here involved. By electing to seek relief through the commission, the plaintiffs, in any event, cannot recover more than the amount of the award. Baltimore & Ohio R. R. Co. v. Brady, 288 U.S. 448, 53 S.Ct. 441, 77 L. Ed. 888.

■ The findings of the Interstate Commerce Commission in this proceeding are not supported by substantial evidence and the order of the commission is invalid. Findings of fact, conclusions of law, and an order for judgment will be entered accordingly.