96 F.2d 518 (1938)
PROCTOR & GAMBLE CO.
v.
COE.
No. 6894.
United States Court of Appeals for the District of Columbia.
Decided February 28, 1938.
Rehearing Denied March 26, 1938.
*519 Frederick D. McKenney and C. Russel Riordon, both of Washington, D.C., for appellant.
R. F. Whitehead, Solicitor, United States Patent Office, of Washington, D. C., for appellee.
Joshua R. H. Potts, Basel H. Brune, and Eugene Vincent Clarke, all of Philadelphia, Pa., amici curiæ.
Before GRONER, STEPHENS, and MILLER, Associate Justices.
MILLER, Associate Justice.
On October 26, 1931, a petition was filed in the Patent Office by the J. L. Prescott Company (owner of registered trademark "Chase-O"), under section 13 of the Trade-Mark Act 1905, 15 U.S.C.A. § 93, seeking to cancel the registration of appellant's (the Proctor & Gamble Company's) trade-mark "Chipso."
Subsequently, on November 20, 1931, the Prescott Company  as defendant in a suit theretofore commenced by appellant in the District Court of the United States for the District of New Jersey involving another mark  filed an amended counterclaim praying that the Proctor & Gamble Company be required to deliver up its trade-mark "Chipso" to the Commissioner of Patents for cancellation, as provided by section 22 of the Trade-Mark Act, 1905, 15 U.S.C.A. § 102. For the purposes of this appeal, the parties concede that the filing of the amended counterclaim had the effect of an original suit brought under section 22.
Proceedings were had in the Patent Office on the petition to cancel, and the Commissioner held that the Proctor & Gamble Company mark should be canceled. From the Commissioner's decision the Proctor & Gamble Company elected to appeal[1] to the United States Court of Customs and Patent Appeals, under section 9 of the act, as amended, 15 U.S.C.A. § 89, and that court, on April 29, 1935, affirmed his decision. Proctor & Gamble Co. v. J. L. Prescott Co., Cust. & Pat.App., 77 F. 2d 98.
Following the entry by the Court of Customs and Patent Appeals of its order affirming the Commissioner's decision, the District Court for New Jersey, on motion of the Prescott Company, dismissed its *520 amended counterclaim on the ground that the decision of the former court made the question of cancellation res adjudicata. Procter & Gamble Co. v. J. L. Prescott Co., D.C.N.J., 16 F.Supp. 65. The Proctor & Gamble Company thereupon appealed from that ruling to the Circuit Court of Appeals for the Third Circuit, which appeal was pending at the time argument was heard in this court in the present case.
On June 11, 1935, appellant filed the present bill in the District Court of the United States for the District of Columbia, seeking to enjoin the Commissioner of Patents from canceling its mark until the litigation involved in the Federal court in New Jersey should be terminated. A temporary restraining order issued, but on the final hearing was dissolved and the bill dismissed upon motion of the Commissioner. This appeal was taken from that decree.
The Commissioner contends that appellant is barred from equitable relief; that under the provisions of section 4911, Rev.St., as amended, 35 U.S.C.A. § 59a, and section 4915, Rev.St., as amended, 35 U.S.C.A. § 63, having elected to appeal from the Patent Office to the Court of Customs and Patent Appeals instead of proceeding by bill in equity, appellant is barred from proceeding thereafter in equity. Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264. Appellant, however, does not claim the limited statutory remedy in equity prescribed by sections 4911 and 4915, Rev.St. What it does claim is a right to maintain a proceeding in equity which "falls within a recognized domain of general equity jurisdiction, and is not a statutory proceeding in any sense," i. e., a proceeding  not to secure or prevent the cancellation of a trade-mark  but to restrain the Commissioner from committing an illegal act. It contends that the cancellation of the trade-mark "Chipso" by the Commissioner, if done, will constitute an illegal act committed under color of authority; that a public officer may be restrained from the commission of an illegal act when such act, unless enjoined, will result in irreparable injury; that the Commissioner's threatened act will destroy appellant's property and injure appellant irreparably, because, it alleges, a trade-mark once canceled cannot be restored to the Register.
A court of equity has power under certain circumstances to restrain a public officer or official agency from the commission of a contemplated illegal act.[2] The question is whether the circumstances of the present case bring it within the rule stated in the cases cited.
The general rule is that the judicial power will not be interposed, either by mandamus or injunction, to limit or direct the action of public executive officers in respect to pending matters within their jurisdiction and control.[3] "Interference in such a case would be to interfere with the ordinary functions of government." Louisiana v. McAdoo, 234 U.S. 627, 633, 34 S.Ct. 938, 941, 58 L.Ed. 1506; and see National Life Ins. Co. v. National Life Ins. Co., 209 U.S. 317, 325, 28 S.Ct. 541, 52 L.Ed. 808. Such interference by the courts "with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief, and we are quite satisfied that such a power was never intended to be given to them." U. S. ex rel. Ness v. Fisher, 223 U.S. 683, 693, 32 S.Ct. 356, 358, 56 L.Ed. 610. It was never intended that the courts should displace the judgments of administrative officers or bodies in matters properly within their jurisdiction. Waite v. Macy, 246 U.S. 606, 608, 38 S.Ct. 395, 62 L.Ed. 892; Plested v. Abbey, 228 U.S. 42, 33 S.Ct. 503, 57 *521 L.Ed. 724; U. S. ex rel. Riverside Oil Co. v. Hitchcock, 190 U.S. 316, 324, 325, 23 S.Ct. 698, 47 L.Ed. 1074.
It is only in clear cases of illegality of action, therefore, that the courts will intervene (Bates & Guild Co. v. Payne, 194 U. S. 106, 108, 109, 24 S.Ct. 595, 48 L.Ed. 894; National Life Ins. Co. v. National Life Ins. Co., supra; Masses Pub. Co. v. Patten, 2 Cir., 245 F. 102, 106) to displace the judgments of administrative officers or bodies (Waite v. Macy, supra). "The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chemical Foundation, 272 U.S. 1, 14, 15, 47 S.Ct. 1, 6, 71 L.Ed. 131. The presumption of validity attends legislative and other official action, and the burden of proof to the contrary is upon one who challenges the action.[4]
The courts will not hesitate in a proper case to restrain threatened action under an unconstitutional law.[5] "Where the officer is proceeding under an unconstitutional act, its invalidity suffices to show that he is without authority, and it is this absence of lawful power and his abuse of authority in imposing or enforcing, in the name of the state, unwarrantable exactions or restrictions, to the irreparable loss of the complainant, which is the basis of the decree. Ex parte Young, 209 U.S. [123] p. 159, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R. A.,N.S., 932, 14 Ann.Cas. 764." Philadelphia Co. v. Stimson, 223 U.S. 605, 621, 32 S.Ct. 340, 345, 56 L.Ed. 570.
The Supreme Court has, indeed, in numerous instances  in order to prevent the invasion of the rights of property  upheld the propriety of enjoining officers from bringing criminal proceedings to compel obedience to unconstitutional requirements.[6]
The following tests have been used to uphold the exercise of judicial restraint upon executive action under valid laws: (1) Where an officer, insisting that he has the warrant of the statute, is transcending its bounds, and thus unlawfully assuming *522 to exercise the power of government (Philadelphia Co. v. Stimson, supra); (2) where an officer attempts to enlarge his power, or to usurp power (Waite v. Macy, supra); or (3) where his act is based upon a clear mistake of law (American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 109, 110, 23 S.Ct. 33, 47 L.Ed. 90); (4) where the action of the officer or administrative body is clearly beyond its power and in violation of the statute (Interstate Commerce Commission v. Northern Pacific Ry. Co., 216 U.S. 538, 30 S.Ct. 417, 54 L.Ed. 608. See Lane v. Watts, 234 U.S. 525, 540, 34 S.Ct. 965, 58 L.Ed. 1440; Santa Fe Pacific R. Co. v. Lane, 244 U.S. 492, 497, 37 S.Ct. 714, 61 L.Ed. 1275); (5) where an officer has acted, or threatens to act, in a capricious and arbitrary manner (Commercial Solvents Corp. v. Mellon, 51 App.D.C. 146, 277 F. 548, 550, and cases there cited); (6) where the act of the officer, "under any view that could be taken of the facts that were laid before him, was ultra vires, and beyond the scope of his authority [and] he has no power at all to do the act complained of, he is as much subject to an injunction as he would be to a mandamus if he refused to do an act which the law plainly required him to do." Noble v. Union River Logging R. Co., 147 U.S. 165, 171, 172, 13 S.Ct. 271, 273, 37 L.Ed. 123; Board of Liquidation v. McComb, 92 U.S. 531, 541, 23 L.Ed. 623.
In the present case there is no contention that the law under which the Commissioner proposes to act is unconstitutional or that his proposed action is not in strict compliance with its terms. No authority has been cited which suggests the propriety of injunctive action under the existing circumstances. Consequently, such action is not warranted. The position which appellant takes is in substance that, if the Commissioner acts as is required by law, it will suffer irreparable injury; whereas, if he is restrained until the suit pending on appeal in the Third Circuit is terminated, it may perhaps be able to avoid that injury. This is not sufficient; it falls far short of establishing that the proposed act of the Commissioner is illegal and should be enjoined. Compare U. S. ex rel. Chicago Great Western R. R. v. Interstate Commerce Commission, 294 U. S. 50, 62, 55 S.Ct. 326, 331, 79 L.Ed. 752.
As the matter now stands, the issue has been finally determined by the administrative tribunal charged with the duty of passing upon such issues, and the equity court in New Jersey has decided that the decision of the Court of Customs and Patent Appeals is res adjudicata. Quite apart from the merits of the latter question, it is apparent that upon the record before us there is no such showing of (1) illegal action, (2) usurping power, (3) transcending the bounds of the statute, (4) improperly assuming to exercise the power of government, (5) clear mistake of law, (6) violation of the statute, (7) capricious or arbitrary action, (8) ultra vires action "under any view that could be taken of the facts" as would warrant judicial interference with the duties of the Commissioner of Patents.
Affirmed.
NOTES
[1] Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.2d 264.
[2] Santa Fe Pacific R. Co. v. Lane, 244 U.S. 492, 497, 37 S.Ct. 714, 61 L.Ed. 1275; Philadelphia Co. v. Stimson, 223 U.S. 605, 620, 621, 32 S.Ct. 340, 56 L. Ed. 570; Interstate Commerce Commission v. Northern Pacific Ry. Co., 216 U. S. 538, 30 S.Ct. 417, 54 L.Ed. 608; Lane v. Watts, 234 U.S. 525, 540, 34 S.Ct. 965, 58 L.Ed. 1440; Noble v. Union River Logging R. Co., 147 U.S. 165, 172, 13 S.Ct. 271, 37 L.Ed. 123; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 109, 110, 23 S.Ct. 33, 47 L.Ed. 90.
[3] Dakota Central Tel. Co. v. South Dakota ex rel. Payne, 250 U.S. 163, 184, 39 S.Ct. 507, 63 L.Ed. 910, 4 A.L.R. 1623; City of New Orleans v. Paine, 147 U.S. 261, 268, 13 S.Ct. 303, 37 L.Ed. 162; Gaines v. Thompson, 7 Wall. 347, 74 U. S. 347, 352, 19 L.Ed. 62; Commercial Solvents Corp. v. Mellon, 51 App.D.C. 146, 277 F. 548; O'Brien v. Lane, 40 App.D.C. 493; Cummins Co. v. Burleson, 40 App.D.C. 500, 507; Ferris v. Wilbur, 4 Cir., 27 F.2d 262, 264.
[4] Concordia Fire Ins. Co. v. Illinois, 292 U.S. 535, 547, 54 S.Ct. 830, 834, 78 L.Ed. 1411. See, also, Lewis v. United States, 279 U.S. 63, 73, 49 S.Ct. 257, 260, 73 L.Ed. 615; United States v. Royer, 268 U.S. 394, 398, 45 S.Ct. 519, 520, 69 L.Ed. 1011; Bates & Guild Co. v. Payne, supra, 24 S.Ct. 595, 48 L.Ed. 894.
[5] Truax v. Raich, 239 U.S. 33, 36 S. Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283; Pierce v. Society of the Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468; Bacon v. Rutland R. Co., 232 U.S. 134, 34 S.Ct. 283, 58 L.Ed. 538; Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150; Ex parte Young, 209 U.S. 123, 159, 28 S.Ct. 441, 52 L. Ed. 714, 13 L.R.A.,N.S., 922, 14 Ann. Cas. 764; Railroad Retirement Board v. Alton R. Co., 295 U.S. 330, 55 S.Ct. 758, 79 L.Ed. 1468; Greene v. Louisville & Interurban R. Co., 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280, Ann.Cas.1917E, 88; Louisville & Nashville R. Co. v. Greene, 244 U.S. 522, 37 S.Ct. 683, 61 L.Ed. 1291, Ann.Cas.1917E, 97; Adams v. Tanner, 244 U.S. 590, 37 S.Ct. 662, 61 L.Ed. 1336, L.R.A.1917F, 1163, Ann.Cas. 1917D, 973; Hammer v. Dagenhart, 247 U.S. 251, 38 S.Ct. 529, 62 L.Ed. 1101, 3 A.L.R. 649, Ann.Cas.1918E, 724; Osborn v. United States Bank, 9 Wheat. 737, 6 L.Ed. 204; Davis v. Gray, 16 Wall. 203, 21 L.Ed. 447; Pennoyer v. McConnaughy, 140 U.S. 1, 11 S.Ct. 699, 35 L.Ed. 363; Scott v. Donald, 165 U.S. 107, 17 S.Ct. 262, 41 L.Ed. 648; Smyth v. Ames, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819; Herndon v. Chicago, R. I. & Pac. Ry. Co., 218 U.S. 135, 30 S.Ct. 633, 54 L.Ed. 970; Hill v. Wallace, 259 U. S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Foster-Fountain Packing Co. v. Haydel, 278 U.S. 1, 49 S.Ct. 1, 73 L.Ed. 147; Appleby v. City of New York, 271 U.S. 364, 46 S.Ct. 569, 70 L.Ed. 992; Michigan Pub. Util. Commission v. Duke, 266 U.S. 570, 45 S.Ct. 191, 69 L.Ed. 445, 36 A. L.R. 1105; Buck v. Kuykendall, 267 U. S. 307, 45 S.Ct. 324, 69 L.Ed. 623, 38 A. L.R. 286; Shafer v. Farmers' Grain Co., 268 U.S. 189, 45 S.Ct. 481, 69 L.Ed. 909.
[6] Davis and Farnum Mfg. Co. v. Los Angeles, 189 U.S. 207, 217, 218, 23 S. Ct. 498, 47 L.Ed. 778; Dobbins v. Los Angeles, 195 U.S. 223, 241, 25 S.Ct. 18, 49 L.Ed. 169; Ex parte Young, 209 U. S. 123, 161, 162, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Western Union Telegraph Co. v. Andrews, 216 U.S. 165, 30 S.Ct. 286, 54 L. Ed. 430; Williams v. Standard Oil Co., 278 U.S. 235, 49 S.Ct. 115, 73 L.Ed. 287, 60 A.L.R. 596; Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146; Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446.