## McARTHUR et al. v. UNITED STATES et al.

### No. 3046.

District Court, N. D. Illinois, E. D.

Nov. 10, 1941.

E. A. Biggs, Jr., and W. T. Shaffer, both of Chicago, Ill., for plaintiffs.

Allen Crenshaw and David W. Knowlton, both of Washington, D. C., and J. Albert Woll, U. S. Dist. Atty., of Chicago, Ill., for defendants.

Before SPARKS, Circuit Judge, BARNES and SULLIVAN, District Judges.

PER CURIAM.

The above cause of action came on for hearing before a duly constituted three-judge court on September 22, 1941, and was submitted upon the pleadings, records of the Interstate Commerce Commission as offered in evidence, arguments and briefs of the parties thereto. The court enters its findings of fact and conclusions of law as follows:

### Findings of Fact.

1. Plaintiffs made formal application to the Interstate Commerce Commission on February 10, 1936, for "grandfather" rights to operate as common carrier, or in the alternative as a contract carrier, by motor vehicle in interstate commerce, under provisions of Section 206(a) or 209(a) of the Motor Carrier Act 1935, 49 U.S.C.A. §§ 306 (a), 309(a). The application, by amendment, sought authority to transport household goods, store fixtures, and office equipment between points in the metropolitan area of Chicago, on the one hand, and all points in the United States, on the other hand, over irregular routes.

On May 16, 1938, the Commission entered an order, referred to as a "compliance order", which authorized the operation of the applicants upon compliance with certain statutory requirements and the issuance to them of a certificate upon such compliance, unless otherwise ordered by the Commission. No proof was offered at the hearing that the requirements of the order of May 16, 1938, had been met or that a certificate had ever been issued to applicants. By order of March 11, 1939, the said "compliance order" was set aside and vacated by the Commission without notice to applicants. Public hearings were held on April 21 and 22, 1939, at which time various witnesses appeared and testified, including one of the members of the plaintiff partnership, and a claimed abstract of shipments was submitted by applicants. Thereafter the hearing examiner submitted his recommended report and order, to which exceptions, including those of applicants, were filed.

On January 11, 1941, the Commission entered its decision denying the application, in the form of report and order by Division 5. (Exhibit A to petition.) Applicants filed petition for rehearing and reconsideration which was denied by an order of the Commission as a whole on May 5, 1941. The Commission by later orders extended the effective date of the order of January 11, 1941, to October 30, 1941.

2. There is substantial evidence in the record before the Interstate Commerce Commission, to support the findings and conclusions of the report and order dated January 11, 1941 (Exhibit A to petition), which report and order are hereby adopted and made a part of these findings of fact.

### Conclusions of Law.

1. The court has jurisdiction of the action herein.

2. Allegations of the complaint and exhibits thereto which were not a part of the record submitted to and considered by the Interstate Commerce Commission are not admissible in evidence in the court action herein and is not evidence which can be considered in this court review.

3. The "compliance order" of the Interstate Commerce Commission, dated May 16, 1938, was temporary and not a final order and by its own terms and within the lawful authority of the Commission could be set aside and vacated, with or without notice to the applicants as was done by the Commission in its order of March 11, 1939. The order of March 11, 1939, and the subsequent action of and procedure before the Commission, including the report and order of January 11, 1941, were lawful.

4. There was substantial evidence to support the findings and conclusions of the Interstate Commerce Commission, as stated in the report and order of January 11, 1941.

5. The court cannot review an order of the Interstate Commerce Commission, as to its findings of fact and conclusions based thereon, where there is substantial support in the evidence before the Commission, for such findings, conclusions and order.

6. The report and order of the Interstate Commerce Commission, dated January 11, 1941, is lawful and within the statutory authority of the Commission.

7. The complaint herein should be dismissed at the cost of plaintiffs.