# WESTERN PAPER MAKERS' CHEMICAL COMPANY ET AL. v. UNITED STATES ET AL.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN.

No. 312. Argued May 4, 5, 1926.—Decided May 24, 1926.

1. The determination by the Interstate Commerce Commission of the question whether a rate is reasonable or discriminatory is conclusive if supported by substantial evidence, in the absence of any irregularity in the proceeding or error in applying the rules of law. P. 271.
2. The Commission is not hampered by mechanical rules governing the weight, or effect of evidence. The mere admission of matter which under the rules of evidence applicable to judicial proceeding would be incompetent does not invalidate its order. P. 271.
3. The Commission has power to require the abandonment of through routes which, under a revision of through rates on a commodity, would violate the long-and-short-haul clause of § 4 of the Interstate Commerce Act. P. 272.

7 Fed. (2d) 164, affirmed.

APPEAL from a decree of the District Court dismissing
the bill in a suit to enjoin or modify orders of the Inter-
state Commerce Commission establishing through rates
on rosin.   See 7 Fed. (2d) 164.

*Mr. Harry C. Howard* for appellants.

*Mr. Blackburn Esterline,* Assistant to the Solicitor
General, with whom *Solicitor General Mitchell* was on the
brief, for the United States.

*Mr. P. J. Farrell,* with whom *Mr. E. M. Reidy* was on
the brief, for the Interstate Commerce Commission.

MR. JUSTICE BRANDEIS delivered the opinion of the
Court.

This suit against the United States and the Interstate
Commerce Commission was brought in the federal court,
for western Michigan to enjoin in part, and to modify,
certain orders of the Commission, which established
through rates on rosin from Atlantic and Gulf ports to
Kalamazoo and Grand Rapids, Michigan.   The proceed-
ings before the Commission originated in tariffs filed
during 1923 by carriers operating in Southeast and Mis-
sissippi Valley territory.   By these tariffs a comprehen-
sive revision of rates on naval stores, including rosin,
from all such points of production was proposed.   Ship-
pers, including these plaintiffs, protested.   The proposed
rates were suspended; and extensive hearings in which
the plaintiffs participated were held.   An order was en-
tered requiring cancellation of the filed tariffs.   A new
schedule of rates, including those complained of by
plaintiffs, was finally authorized.   *Naval Stores from
Southern Producing Points to Various Destinations,* 87
I. C. C. 740; 89 I. C. C. 634.   Upon specific exceptions
filed by the plaintiffs to the Kalamazoo and Grand Rap-

ids rates as proposed in the report of the Examiner, the Commission found that these rates were neither unreasonable nor unjustly discriminatory. *Western Paper Makers' Chemical Co.* v. *Director General,* 91 I. C. C. 223. The new rates to those cities are higher than the rates previously in effect. The Kalamazoo rates from Gulf ports are higher than those to Chicago; the Grand Rapids rates from Gulf ports are higher than those to Milwaukee.

The case was heard in the District Court before three judges upon application for an interlocutory injunction. The plaintiffs claimed that the order was void in part, because the evidence introduced before the Commission did not justify the increased rates from Atlantic and Gulf ports to Kalamazoo and Grand Rapids; because the establishment of rates from Gulf ports to these cities higher than those enjoyed by competing manufacturers at Chicago and Milwaukee was unjust discrimination against Kalamazoo and Grand Rapids; and because the new rates involved a violation of the long-and-short-haul clause of § 4 of the Interstate Commerce Act. The court found against the plaintiffs on each of their contentions and denied the injunction. 7 Fed. (2d) 164. Upon submission of the case for final hearing a decree dismissing the bill was entered on January 3, 1925. A direct appeal to this Court was taken under the Act of October 22, 1913, c. 32, 38 Stat. 208, 220. The record included all the evidence introduced before the Commission. Pursuant to an order of this Court, made on a motion of the plaintiffs for diminution of the record, counsel agreed upon a short statement of the whole evidence sufficient to enable this Court to consider whether there was any evidence to support the findings of the Commission.

The objections as presented here in brief and argument were addressed mainly to the soundness of the reasoning by which the Commission reached its conclusions.

It was urged that these are inconsistent with conclusions reached by it in similar cases; that the findings are inconsistent with some views expressed in its reports in this proceeding; that some evidence was improperly considered; and that inferences drawn from some of the evidence were unwarranted. These objections we have no occasion to discuss. The determination whether a rate is unreasonable or discriminatory is a question on which the finding of the Commission is conclusive if supported by substantial evidence, unless there was some irregularity in the proceeding or some error in the application of the rules of law. *Skinner & Eddy Corporation* v. *United States,* 249 U. S. 557, 562; *New England Divisions Case,* 261 U. S. 184, 204. No such irregularity or error is shown. In making its determinations the Commission is not hampered by mechanical rules governing the weight or effect of evidence. The mere admission of matter which under the rules of evidence applicable to judicial proceedings would be deemed incompetent does not invalidate its order. *United States* v. *Abilene & Southern Ry. Co.,* 265 U. S. 274, 288. There was ample evidence to support the finding that the joint through rates regarded as entireties were reasonable and justified. Prior existing rates, whether locals or such proportionate rates from a key point to points of destination as were made applicable to this particular class of traffic, or through rates upon other commodities moving from similar points of origin, are proper matters for consideration in establishing new through rates. To consider the weight of the evidence is beyond our province.

Among the objections urged here was this: The rate from New Orleans to Chicago was fixed at 37 cents; that to Kalamazoo at 39. The rate from New Orleans to Milwaukee was fixed at 39 cents; that to Grand Rapids at 40. One of the many routes from the southern ports to Chicago theretofore open, was via Cincinnati and Kala-

mazoo; one of those to Milwaukee was via Cincinnati and Grand Rapids. These routes had been rarely used. If retained, they would have violated the long-and-short-haul clause of § 4 of the Interstate Commerce Act unless relief therefrom was granted by the Commission. See *United States* v. *Merchants, etc., Association,* 242 U. S. 178. That relief it refused; and, to remove this obstacle to the higher Kalamazoo and Grand Rapids rates, it directed that these routes should be abandoned. The plaintiffs insist that the Commission could not lawfully close an existing route in order to avoid a fourth-section violation. The authority exercised was clearly within the broad discretion vested in the Commission. Compare *Louisiana & Pine Bluff Ry. Co.* v. *United States,* 257 U. S. 114.

*Affirmed.*