## INDIAN VALLEY R. R. v. UNITED STATES et al. (WESTERN PAC. R. CO. Intervener).

### No. 2692L.

District Court, N. D. California, S. D.
Aug. 21, 1931.

John L. McNab and John E. Truman, both of San Francisco, Cal., for plaintiff.

Elmer B. Collins and John Lord O'Brian, Sp. Assts. to Atty. Gen., and Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal.

E. M. Reidy and D. W. Knowlton, both of Washington, D. C., for defendant Interstate Commerce Commission.

F. M. Angellotti, and A. S. Hutchinson, both of San Francisco, Cal., for intervener.

Before WILBUR, Circuit Judge, and ST. SURE and LOUDERBACK, District Judges.

LOUDERBACK, District Judge.

The Great Northern Railway Company, the Western Pacific Railway Company, and the Great Northern and Western Pacific jointly applied to the Interstate Commerce Commission for a certificate of public convenience and necessity, under the Interstate Commerce Act, § 1, pars. 18–20, as amended by Transportation Act 1920, c. 91, § 402, 41 Stat. 456, 477, to authorize them to construct about 200 miles of line of railroad, approximately 112 miles of which were to be constructed and operated by the Western Pacific between Keddie, Plumas county, Cal., and a proposed terminal of the Great Northern at Bieber, Lassen county, Cal.; and approximately 88 miles to be constructed and operated by the Great Northern between Klamath Falls, Or., to terminals at or near Lockout, Modoc county, Cal., and to terminals at or near Bieber. The Great Northern and the Western Pacific by joint application sought to operate a branch approximately 36 miles long, extending in a westerly direction from the connection at Lockout, to a connection with the McCloud River Railroad at or near Hambone, Siskiyou county, Cal. When completed the new construction would connect the lines of the Great Northern with those of the Western Pacific, which in turn connect with the rails of the Atchison, Topeka & Santa Fe at Stockton, Cal., thus forming a new route between California, Oregon, and points beyond, independent of and in competition with the lines of the Southern Pacific System.

After full hearings pursuant to such application, the commission's certificate and order were made, dated June 9, 1930, and entered in Finance Docket No. 7439, Great Northern Railway Company Construction, 166 I. C. C. 3–41, granting such application. Under the certificate and order of the commission, the Western Pacific Railroad Company lines would parallel, between Paxton and Crescent Mills, Cal. (a distance of about 8 miles) the lines of the Indian Valley Railroad Company, which is a railroad about 22 miles in length.

The Indian Valley Railroad Company then petitioned this court to set aside, annul, and enjoin such certificate and order of the commission, contending that such paralleling would render this 8 miles of railroad practically useless to the Indian Valley Railroad Company, due to the competition which would result; and that as a result of such paralleling, and the competition involved, there would be a reduction of the revenues of their entire railroad to a point less than the operating expenses, and further claimed that this would be in contravention of their legal rights, a taking of their property without due process of law, and in excess of the powers granted the commission.

Under the application for this certificate of public convenience and necessity, the Interstate Commerce Commission acted within the scope of its jurisdiction, since under the said Transportation Act of 1920, supra, Congress imposed upon the commission the duty of providing the country as a whole with an adequate transportation system, with power to authorize construction and abandonment. Transportation Act of 1920, c. 91, § 402, pars. 18–22 (49 USCA § 1, pars. 18–22). The New England Divisions Case, 261 U. S. 184, 43 S. Ct. 270, 67 L. Ed. 605.

The granting or refusing of a certificate of public convenience and necessity, which authorizes such construction, is an exercise of administrative judgment under such authority. Pennsylvania R. Co. v. United States et al. (D. C.) 40 F.(2d) 921; Colorado v. United States et al., 271 U. S. 153, 160, 46 S. Ct. 452, 70 L. Ed. 878; Texas & Pac. R. Co. v. Gulf, C. & S. F. Ry. Co., 270 U. S. 266, 46 S. Ct. 263, 70 L. Ed. 578.

It is not for the courts in reviewing orders of the commission to weigh the evidence or inquire into the soundness of the reasoning by which the commission reached its conclusions, or to question the wisdom of the commission's action, if within the scope of its authority. Oregon-Washington R. & Nav. Co. et al. v. United States et al. (D. C.) 47 F.(2d) 250, 251; The Assigned Car Cases, 274 U. S. 564, 580, 47 S. Ct. 727, 71 L. Ed. 1204; Chicago, R. I. & P. R. Co. v. United States et al., 274 U. S. 29, 47 S. Ct. 486, 71 L. Ed. 911; Virginian R. Co. v. United States et al., 272 U. S. 658, 665, 47 S. Ct. 222, 71 L. Ed. 463; The New England Divisions Case, supra; United States et al. v. Erie R. Co., 280 U. S. 98, 50 S. Ct. 51, 74 L. Ed. 187.

There are therefore but two issues remaining: First, whether or not the findings of the commission that the public convenience and necessity require such construction and operation were made after a fair hearing, and, if so, if such findings are sustained by the evidence before the commission; and, second, whether or not such findings and order based thereon subject the complainant to legal injuries, actual or threatened.

██ The findings of the commission are made by law prima facie true. Illinois Central R. Co. et al. v. Interstate Commerce Commission, 206 U. S. 441, 27 S. Ct. 700, 51 L. Ed. 1128. The courts will not examine the facts further than to determine whether or not there was substantial evidence to sustain the order. Interstate Commerce Commission v. Union Pacific R. Co. et al., 222 U. S. 541, 32 S. Ct. 108, 56 L. Ed. 308; Interstate Commerce Commission v. Illinois Cent. R. Co., 215 U. S. 452, 470, 30 S. Ct. 155, 54 L. Ed. 280; The New England Divisions Case, supra; Virginia Ry. Co. v. United States et al., 272 U. S. 658, 664, 47 S. Ct. 222, 71 L. Ed. 463; Western Paper Makers' Chemical Co. v. United States et al., 271 U. S. 268, 270, 271, 46 S. Ct. 500, 70 L. Ed. 941.

A review of the records and testimony of the hearing on the application before the commission shows a full and fair hearing in which some 66 interveners, 51 in favor and 15 in opposition, appeared, including the plaintiff herein, the Indian Valley Railroad, and in which the very claims of the complainant herein were heard at great length, and presented by the Indian Valley Railroad Company, and passed upon. The records show substantial evidence to support the findings and the issuance of the certificate and order predicated thereon.

██ There remains, therefore, only the second issue as to whether or not such findings and order based thereon subject the plaintiff to legal injury, actual or threatened. Prior to the Transportation Act of 1920, no right, constitutional or statutory, existed to protect one railroad from another due to losses incident to competition of competing lines. The Transportation Act of 1920 created no such right; on the contrary, it expressly provided for the entry of a competing carrier into the traffic territory of another carrier, where the commission finds that public convenience and necessity require the new construction. Pennsylvania R. Co. v. United States (D. C.) 40 F.(2d) 921; Texas & Pac. R. Co. v. Gulf, C. & S. F.

Ry. Co., 270 U. S. 266, 46 S. Ct. 263, 70 L. Ed. 578; Chesapeake & Ohio Ry. Co. v. United States et al., 283 U. S. 35, 51 S. Ct. 337, 75 L. Ed. 824.

██ No act of the commission, in the records before this court, shows any physical taking over or destruction of the properties of the plaintiff. Such loss as may occur due to the certificate and order would result as a consequence of the operation of a competing railroad line and would be solely due to the loss of traffic revenue due to the presence of a competing line. The operating, by a carrier, without competition, in any particular area is a privilege to be enjoyed as long as existing—but it is not a legal right, and therefore the plaintiff has shown nothing upon which to base an independent suit to vacate, set aside, modify, or enjoin the certificate and order of the commission. Pennsylvania R. Co. v. United States, supra, and cases quoted therein.

At the opening of this case a motion to dismiss upon the pleadings was interposed; a decision thereon was withheld while the hearing on the merits was presented. We prefer to decide this upon the merits. Therefore the motion to dismiss on the pleadings is formally denied; and the bill of complaint, for the reasons stated, is dismissed, with costs for the defendants and intervener.

Findings to be prepared in accordance with this opinion.