**INLAND MOTOR FREIGHT et al. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervenor).**

No. 1475.

District Court, D. Idaho, N. D.

Jan. 4, 1941.

Maurice H. Greene, of Boise, Idaho, for plaintiffs.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Paul S. Boyd, Asst. U. S. Dist. Attys., all of Boise, Idaho, for defendants.

Before HEALY, Circuit Judge, and PRAY and CAVANAH, District Judges.

CAVANAH, District Judge.

This suit is brought by the Inland Motor Freight, a corporation, and the Star Dray & Transfer Company, a corporation, to vacate and annul an order of the Interstate Commerce Commission made on July 22, 1940, granting the application of Virgil Hoene and Arley Haener, copartners doing business as the Grangeville Auto Freight, for a certificate of convenience and necessity authorizing the applicants to operate as a common carrier by motor vehicle in interstate and foreign commerce of property over United States Highway 95 between Lewiston and Grangeville, Idaho, and which became effective on September 10, 1940.

Answers were filed by the defendants and intervenors which present an issue as to the validity of the Commissioners' report and order with respect to present and future public convenience and necessity of applicants' operation.

On proceedings had, a hearing was had on the application before a joint board as required by the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., and at which applicants and the plaintiffs, among others, appeared and presented evidence. Thereafter, on July 22, 1940, the Interstate Commerce Commission rendered an official report on the application, and made and entered its findings and order that the applicants had made sufficient showing· that public convenience and necessity · required the continuance of their service.

The plaintiffs challenge the validity of the Commissioners' findings and order, upon the grounds that the Grangeville Auto Freight did not produce at the hearing before the· Interstate Commerce Commission substantial evidence that public convenience and necessity requires the operation of the Grangeville Auto Freight between Lewiston and Grangeville, Idaho; that the Commission did not attempt to make findings that the service of the plaintiffs and the Railroad Company were in any way inadequate; that the plaintiffs and the Railroad Company could not efficiently handle all available traffic between Lewiston and Grangeville, Idaho; that the service of the Grangeville Auto Freight was in any way an improvement over the service of the existing carriers or furnished any different service than was already being performed by other carriers; that there was sufficient traffic to support three truck lines and the railroad and that there was need for additional competitive service between Lewiston and Grangeville, and urges that the failure to make findings upon these matters is vitally material in determining whether the Commission's decision was arbitrary and in disregard of the evidence, as they are fundamental issues to be determined in ascertaining whether public con-

venience and necessity would require operation by the applicants.

■ In view of the issues and the evidence presented to the Interstate Commerce Commission and now presented here, renders pertinent a study of the scope of the review to be given orders of the Interstate Commerce Commission in applications of this kind. The inquiry of the Court must be directed to determine whether the Commission acted within its constitutional authority and within correct legal principles. The provisions of the law for a hearing before the Commission implies the privilege of introducing evidence and the duty of deciding in accordance with it, and a refusal to consider the evidence introduced or to make essential findings without supporting evidence is arbitrary action. The Chicago Junction Case, Baltimore & Ohio R. Co. v. United States, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667.

■ The jurisdiction to set aside and annul orders of the Commission is vested in the United States District Courts, and who are proper parties to maintain the suit is left to the general rules and practice of equity, and whether a legal interest is affected. Edward Hines Yellow Pine Trustees et al. v. United States, Interstate Commerce Commission et al., 263 U.S. 143, 44 S.Ct. 72, 68 L.Ed. 216. If it is established that the plaintiffs have an interest appearing and it is sustained, its legal right then would be invaded and affected by the order of the Commission and shall be subject to the right of relief in Court under 49 U.S.C. A. § 305(h), which provides that "any final order made under this chapter shall be subject to the same right of relief in court by any party in interest as is now provided in respect to orders of the Commission made under Chapter 1 of this title." This provision of the Statute has been interpreted by the Supreme Court in which it is held that under Chapter 1, a competing carrier who is directly affected by an Order of the Commission and if their revenues are affected, have a legal interest. The Chicago Junction Case, supra; Atlantic Coast Line R. Co. et al. v. Interstate Commerce Commission et al., Com.Ct., 194 F. 449. As to what is the standard of review of the Commission's findings as to whether the evidence before the Commission was sufficient or not, to support them, it is now settled by the Supreme Court to be "substantial evidence," and "relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and not where the record is "wholly barren of evidence."

■ The standard adopted by the Court is expressed as: "The companies contend that the Court of Appeals misconceived its power to review the findings and, instead of searching the record to see if they were sustained by 'substantial' evidence, merely considered whether the record was 'wholly barren of evidence' to support them. We agree that the statute, in providing that 'the findings of the Board as to the facts, if supported by evidence, shall be conclusive', section 10(e), 29 U.S.C.A. 160(e), means supported by substantial evidence." Consolidated Edison Co. et al. v. National Labor Relations Board et al., 305 U.S. 197, 59 S.Ct. 206, 216, 217, 83 L.Ed. 126; National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660. As expressed by the Court in the case of Baltimore & O. R. Co. v. United States, D.C., 5 F.Supp. 929, 931, the general rule is that: "We should not weigh evidence, nor consider the wisdom of the commission's action if its determination finds substantial support in the fact record, Chicago, R. I. & P. R. v. United States, 274 U.S. 29, 33, 47 S.Ct. 486, 71 L.Ed. 911; we cannot inquire into the soundness of the reasoning by which its conclusions are reached, nor question the wisdom of regulations prescribed by it. Western Paper Makers' Chemical Co. v. United States, 271 U.S. 268, 271, 46 S.Ct. 500, 70 L.Ed. 941; Interstate Commerce Comm. v. Illinois Cent. R. Co., 215 U.S. 452, 471, 30 S.Ct. 155, 54 L.Ed. 280; United States v. New River Co., 265 U.S. 533, 542, 44 S.Ct. 610, 68 L.Ed. 1165. But we may regard the fact situation to determine, if it is claimed, whether the commission has acted arbitrarily or inconsiderately in some particular. Baltimore & O. R. Co. v. United States, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667; Interstate Commerce Commission v. Louisville & N. R. Co., 227 U.S. 88, 90, 91, 33 S.Ct. 185, 187, 57 L.Ed. 431; United States v. Abilene & S. R. Co., 265 U.S. 274, 44 S.Ct. 565, 68 L.Ed. 1016; Atchison, T. & S. F. R. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273."

The court then having the province to review the evidence to determine, not its weight but whether it is substantial, to sustain the findings and order of the Commission, and before doing so we must turn to the report and order recommended

888

by the joint board and the report, findings and final order of the Commission. The report of the joint board discloses that Virgil Hoene and Arley Haener, co-partners, and doing business as Grangeville Auto Freight of Grangeville, filed an application on February 12, 1936, seeking a certificate of public convenience and necessity, or a permit authorizing continuous operation in interstate commerce as a common carrier by motor vehicle, of general commodities between Lewiston and Grangeville, Idaho, and did thereafter, on May 7, 1937, make a similar application; that on October 9, 1935, and since, Virgil Hoene and the applicant Grangeville Auto Freight have conducted common carrier operations over the highway between Lewiston and Grangeville, serving intermediate points; that the operation involved the transportation of general commodities except petroleum products in bulk, household goods, livestock and commodities injurious or contaminating to lading; that the applicant maintains a daily service except Sundays between Lewiston and Grangeville with depot facilities at Grangeville, Cottonwood and Craigmont, and at Lewiston they use terminal facilities of another motor carrier with which they maintain joint rates, who performs pickup and delivery service at Lewiston; that a number of residents in the localities served by applicant, including managers of co-operative associations with stores at Craigmont and Cottonwood, and memberships of several hundred, merchants and representatives of the Grangeville and Cottonwood Commercial clubs, are satisfied that the competing service of applicants are needed; that the Star Dray & Transfer and Inland Motor Freight operate as a common carrier by motor vehicle of general commodities with the exceptions, between the considered points; that the points in question are also served by the Camas Prairie Railroad and a railway express agency; that the protestants deny that there is any need for applicant's service and offer evidence through several witnesses to show that the daily service rendered by them is satisfactory, and they also submit evidence tending to show that no substantial increase in tonnage can be expected in the described territory; that the record fails to disclose that the protestants' tonnage has decreased during the period of applicant's operations; that they are convinced that applicant's operation serves a useful public purpose and the fact that their service has been in general use since Octo-

ber 9, 1935, is evidence that its continuance is required by the public convenience and necessity; that upon consideration of all the evidence they find that public convenience and necessity requires the continuance of the operation by applicants as a common carrier by motor vehicle in interstate commerce, of general commodities except liquid petroleum products in bulk, household goods other than individual pieces of household furnishing, livestock and commodities injurious or contaminating to lading, between Lewiston and Grangeville and intermediate points over the highway, and that the applicants are fit, willing and able properly to perform such service and conform to the provisions of the Act and the requirements, rules and regulations of the Commission thereunder, and that appropriate certificate should be granted, and in view of the findings therein, the joint Board recommend that the appended order number 49 be entered.

The Interstate Commerce Commission at a session held in Washington, D. C., on ———, 1938, considered the report of the joint board containing its findings of fact and conclusions thereunder, and which report it made a part of its proceedings, ordered that a certificate be issued to Virgil Hoene and Arley Haener of Grangeville, Idaho, authorizing the operation in interstate and foreign commerce as a common carrier by motor vehicle, of general commodities except liquor petroleum products in bulk, household goods and commodities injurious or contaminating to lading between Lewiston and Grangeville, Idaho, and intermediate points over U. S. Highway 95.

It will be noted that the Commission found from the evidence taken before the joint Board that the continuance of the Grangeville Auto Freight is required by the public convenience and necessity.

We must consider the evidence as a whole and then determine from it whether there is substantial evidence to sustain such a finding.

The reference to specific instances and circumstances such as there are three truck lines and a railway operating between the points in question, and that the operation of the third auto truck does, to a certain extent, decrease the tonnage and revenue of the other two, would not in itself defeat the finding of the Commission, of public convenience and necessity.

The primary inquiry, under the evidence, is, would the continuance of the

Grangeville Auto Freight be convenient and necessary to the public, and not whether it would cause competition resulting in the decrease of the revenue of one of the operators. Considerable testimony was introduced by the applicant and the protestants which was pertinent to the principal question of public convenience and necessity.

This resolves itself to:

1. Is it convenient to the public?
2. Is it necessary?

A large number of witnesses and documentary evidence were offered by both sides, and received, having a bearing on this controlling question. There was considerable testimony offered that the Inland Motor Freight and the Star Dray & Transfer Company were one and the same operator, who in reality worked together, and that there was no active competition between them; that the only competition as between operators was the Inland Motor Freight, and the Star Dray & Transfer Company on one hand and the Grangeville Auto Freight on the other; that there were delays in the shipment service by the Inland Motor Freight and the Star Dray & Transfer Company; that there was lots of business in the territory; that by having the Inland Motor Freight and the Star Dray & Transfer Company, and the Grangeville Auto Freight, the public have both a morning and evening service; that since the advent of the Grangeville Auto Freight, there has been an improvement in the service; that on account of the establishment of the Cooperative Grange store at Craigmont it has caused an increase in shipment and service; and that farmers around there and at Cottonwood desire that the Grangeville service be continued, as it was asserted that they would be better served by a continuation of the Grangeville Auto Freight, as the service was helpful and satisfactory.

There was evidence that the service of the Inland Motor Freight and the Star Dray & Transfer Company was also satisfactory, and that some people used all of them.

There was a decline of revenue freight of the Inland Motor Freight and the Star Dray & Transfer Company.

Those are some of the pertinent facts appearing in the conflicted evidence, and ultimately, after the Commission considered all of the evidence, reached the conclusion, by so finding, that the continuance of the Grangeville Auto Freight is required by "public convenience and necessity". This was within the province of the Commission under the law, and the Court should not, when in considering that conflict in the evidence, attempt to weigh it and reach a different conclusion than the Commission. Congress has vested that power in the Commission and not in the court, where there exists substantial evidence.

So after considering the evidence as a whole, there appears substantial evidence to support the pertinent and necessary finding of fact made by the Commission of "Public convenience and necessity". The mere fact that by reason of the number of operators in a territory it will reduce the revenue of some operator by reason of competition would not grant power to the Commission or the Court to deny competition.

The protest of the protestants is overruled and the findings and order of the Commission are sustained.