**GREAT LAKES STEEL CORP. v. UNITED STATES et al.**

No. 6295.

United States District Court
E. D. Michigan, S. D.

Sept. 29, 1953.

Edward T. Goodrich, James McEvoy, Jr., Simmer, Goodrich & McEvoy, Detroit, Mich., for plaintiff.

Daniel W. Knowlton, Chief Counsel, Edward M. Reidy, Associate Chief Counsel, Washington, D. C., for Interstate Commerce Commission.

Angell, Turner, Dyer & Meek, Detroit, Mich., for Baltimore & Ohio R. Co. and others. Willis T. Pierson, Cleveland, Ohio, E. A. Kaier, Philadelphia, Pa., Frank H. Cole, Jr., Cincinnati, Ohio, of counsel.

LEDERLE, Chief Judge.

This case was originally considered by a three-judge District Court, constituted as required by the revised Judicial Code, 28 U.S.C.A. 2321 et seq. The issues involved are sufficiently stated in the opinion of the Court in that case, Great Lakes Steel Corp. v. United States, D.C., 81 F.Supp. 450. It will be unnecessary to restate them at this time.

The complaint was originally dismissed for want of jurisdiction. The decision of this Court was reversed in Great Lakes Steel Corp. v. United States, 337 U.S. 952, 69 S.Ct. 1530, 93 L.Ed. 1753, in accordance with the ruling in United States v. Interstate Commerce Commission, 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451, and remanded to the District Court for determination of the merits of the allegations in the complaint. All of the evidence that the parties desired to submit was received during a pre-trial hearing prior to the original decision. Subsequent to the reversal and remand, the parties were permitted to submit further arguments.

The sole issue before the Court at this time is to determine whether the Commission's order is supported by substantial evidence. The sole function of the Court is to determine whether the Commission had acted within its authority. Shields v. Utah Idaho Central R. Co., 305 U.S. 177, 185, 59 S.Ct. 160, 83 L.Ed. 111; Interstate Commerce Commission v. Union Pacific R. Co., 222 U.S. 541, 547–548, 32 S.Ct. 108, 56 L.Ed. 308; Interstate Commerce Commission v. In-

land Waterways Corp., 319 U.S. 671, 691, 63 S.Ct. 1296, 87 L.Ed. 1655.

The findings of the Commission are supported by substantial evidence, and there was no irregularity in the proceeding or error in the application of the rules of law. Western Paper Makers' Chemical Company v. United States, 271 U.S. 268, 271, 46 S.Ct. 500, 70 L.Ed. 941; Skinner & Eddy Corporation v. United States, 249 U.S. 557, 562, 39 S. Ct. 375, 63 L.Ed. 722; New England Divisions Case (Akron, C. & Y. R. Co. v. U. S.), 261 U.S. 184, 204, 438 S.Ct. 270, 67 L.Ed. 605; Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

It therefore follows that the complaint must be dismissed, with costs to be taxed.