**GREYHOUND LINES, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Gray Line Scenic Tours, Inc., Intervenor.**

**No. 67 C 1647.**

United States District Court
N. D. Illinois, E. D.
May 6, 1968.

Robert D. Rierson, Robert J. Bernard, Joseph P. Tuohy, Chicago, Ill., for plaintiff, Greyhound.

John H. D. Wigger, Dept. of Justice, and Donald F. Turner, Asst. Atty. Gen., for the United States.

Robert W. Ginnane, Gen. Counsel, I. C.C., and Nahum Litt, Atty., for the I.C.C.

Silver & Rosen, Bertram S. Silver, Eldon M. Johnson, San Francisco, Cal., and Carl L. Steiner, Chicago, Ill., for intervenor, Gray Line Scenic Tours, Inc.

Before KILEY, Circuit Judge, and CAMPBELL and AUSTIN, District Judges.

AUSTIN, District Judge:

Plaintiff, Greyhound Lines, Inc., seeks judicial review of an Order of the Interstate Commerce Commission entered August 30, 1967 which granted to intervenor, Gray Line Scenic Tours, Inc., a certificate of public convenience and necessity as a common carrier over irregular routes in special and charter operations of passengers and their baggage to the sites of six named gambling casinos in Nevada from points in California. 103 M.C.C. 807. Greyhound provides common carrier service over regular routes to passengers and their baggage over substantially the same routes and since the early 1950's has, through special operations, performed the same passenger service using the same type of equipment as proposed by Gray Lines between certain California points and gambling casinos in Nevada.

The record submitted to this court contains the history of the proceedings from its inception on September 4, 1962 when intervenor Gray Line filed an application alternatively for contract carrier authority or common carrier authority.

On April 5, 1965 Joint Board No. 78 recommended in its report that contract carrier authority be granted and common carrier authority denied. That report was rejected on January 3, 1966 by Operating Rights Review Board No. 2. It

agreed with the Joint Board that the service offered was that of contract carriage, but held the evidence failed to satisfy all the statutory factors for such carriage. 100 M.C.C. 294, 304–305. By decision and order of April 14, 1967, the Interstate Commerce Commission reversed the decision of the Operating Rights Review Board, disagreed with the conclusion of the Joint Board that the service was that of contract carriage, and determined that public convenience and necessity required operation by Gray Line as a common carrier by motor vehicle, that Gray Line was fit, willing and able to properly perform the service, that the protesting carriers, including Greyhound, had not provided reasonably adequate service, and that a certificate of common carriage be granted to Gray Line. 103 M.C.C. 807, 814, 816, 819. Petition for rehearing was denied and the instant complaint was filed September 26, 1967.

Greyhound alleges the Commission order is invalid because (a) the operating authority granted Gray Line in terms of scope of operation is broader than that sought or supported by the evidence; (b) the grant permits Gray Line to conduct passenger transportation in direct competition with regular route passenger service of Greyhound without any evidence that such is required by public convenience and necessity; (c) the reports and orders of the Commission lack findings and conclusions which sustain an award of common carrier authority; (d) none of the orders make a finding of the effect of the proposed service on Greyhound as is required by law; (e) the orders arbitrarily and capriciously refuse to consider and dispose of material issues of fact and law presented by Greyhound; and (f) the orders are arbitrarily and capriciously inconsistent with prior Commission action taken under similar circumstances.

■ Our scope of review of the Commission order is limited to determining only whether the findings made by the Commission are supported by substantial evidence on the entire record and whether its conclusion as to public convenience and necessity has a rational basis in the facts found. Administrative Procedure Act, 5 U.S.C.A. § 1009.

The main thrust of Greyhound's argument is directed to a claimed fatal and egregious absence of rider testimony in the Commission record which it urges nullifies the grant of common carrier authority. It contends that no grant of such authority for a new competitive service can be premised solely on the testimony of casino proprietors who are'not "riders" or direct "users" of the service and the effect of the instant order is to subvert public convenience and necessity to special interests of business enterprises thereby introducing a new and erroneous standard of law. Further, it claims that this absence of direct user testimony, the lack of any probative value in the testimony of the casino operators, and the insufficiency of that testimony to establish service deficiencies by Greyhound permeates the entire record making the Commission's finding of inadequacy incorrect and unsupported by competent evidence.

Greyhound cites Commission disapproval of the type of testimony presented in this case. Greyhound Corp., Extension, 99 M.C.C. 299, 301 (1965) and 96 M.C.C. 630, 639 (1964); Shores and Brown, Common Carrier Application, 26 M.C.C. 343 (1940); Greenville Bus Co., 79 M.C.C. 387 (1959); and distinguishes cases cited by defendants and intervenor Gray Line, Capitol Bus Co., Extension, 69 M.C.C. 447 (1959); Grand Island Transit Corp., Extension, 78 M.C.C. 786 (1959); Resort Bus Lines, Inc. v. I. C. C., 264 F.Supp. 742 (D.C.N.Y.1967), on the ground that none involved applications for new services, and that Hudson Bus Lines, Extension, 66 M.C.C. 473 (1956) and Campus Travel, Inc. v. United States, 224 F.Supp. 146 (D.C.N.Y. 1963) did contain record testimony of actual riders; that in the instant case, unlike those cases involving carriage of merchandise where practical difficulties

prevent direct user testimony, potential rider witnesses were available since passengers using Greyhound service could have been solicited as witnesses; that the testimony heard was hearsay testimony and no showing was made "that such witnesses have attempted to use the existing service available or have found such service to be inadequate in some material respect". Peerless Stages, Inc., Extension, 86 M.C.C. 109, aff'd 371 U.S. 22, 83 S.Ct. 119, 9 L.Ed.2d 95 (1962).

A reading of these cases, and others, indicates the Commission has at times received the testimony of institutional witnesses and accorded it evidentiary weight whereas in others it has either refused it or has accorded it no weight at all. However, the court is not concerned with the consistency or inconsistency of the Commission's decision because Commission judgment is to be exercised in the light of the facts of each individual case. Virginian R. Co. v. United States, 272 U.S. 658, 663, 47 S.Ct. 222, 71 L.Ed. 463 (1926); Western Paper Maker's Chem. Co. v. United States, 271 U.S. 268, 46 S.Ct. 500, 70 L.Ed. 941 (1926). Questions of admissibility of evidence, probative weight, and credibility of evidence are not within the purview of our statutory review function. The Commission is not required to adhere to strict rules of evidence and the admission of evidence which would be deemed incompetent by the courts does not invalidate its orders as long as the findings made are sustained by competent substantial evidence in the entire record. Western Paper Maker's Chem. Co. v. United States, supra, p. 271, 46 S. Ct. 500. We conclude that the absence of rider testimony does not render the order erroneous as a matter of law.

The criteria by which the Commission chose to make determinations of public convenience and necessity are also not subject to court review. No delineation of factors to support such a determination has been expressed in the statute. 49 U.S.C.A. § 307. Congress has entrusted the Commission with a "wide

range of discretional authority" to draw that conclusion from "the infinite variety of circumstances which may occur in specific instances." United States v. Detroit & Cleveland Navigation Co., 326 U.S. 236, 241, 66 S.Ct. 75, 90 L.Ed. 38 (1951); Interstate Commerce Commission v. Parker, 326 U.S. 60, 65, 65 S.Ct. 1490, 1493, 89 L.Ed. 2051 (1945).

We turn to Greyhound's claim that the Commission's finding of inadequacy of its service is unsupported by substantial evidence and that the Commission failed to make a finding that the existing service would not be injuriously affected by the grant of the certificate to Gray Line. It has been held that the fact that there is no finding of inadequacy of existing service, which is not true in this case, or that existing service would not be injuriously affected, does not invalidate an order of the Commission. Lang Transportation Corp. v. United States, 75 F.Supp. 915 (D.C.Cal. 1948); Southern Kansas Greyhound Lines, Inc. v. United States, 134 F.Supp. 502, 506–507 (D.C.Mo.1955) aff'd 351 U.S. 921, 76 S.Ct. 779, 100 L.Ed. 1453; Convoy Co. v. United States, 200 F.Supp. 10, 13 (D.C.Ore.1961) aff'd 382 U.S. 371, 86 S.Ct. 553, 15 L.Ed.2d 426. The necessity of a finding of inadequacy of present service has been most recently discussed by the Supreme Court of the United States in United States v. Dixie Express, 389 U.S. 409, 411, 88 S.Ct. 539, 540, 19 L.Ed.2d 639 (1967) which stated that a specific finding of that nature is not a prerequisite although "the Commission should consider the public interest in sustaining the health and stability of existing carriers". In the instant case, the record shows that deficiencies in Greyhound's service did exist and that the grant to Gray Line was limited "to preclude any undue encroachment upon the services normally provided by passenger carriers at the affected Nevada points." 103 M.C.C., pp. 814, 818.

We have reviewed the record and are satisfied that the decision made and the procedures followed in this case are

consistent with applicable law and that the findings and conclusions conform to the evidence and are supported by substantial evidence on the record as a whole.

A further point must be considered. During oral argument counsel for Greyhound expanded on an issue only formally alleged in its complaint as a basis for invalidity of the order—that is, that the certificate granted Gray Line is broader than that which was sought and which the evidence supports. Greyhound is concerned with anticipatory problems of interpretation of that certificate and intervenor's operation thereunder in the light of the scope of authority intended. It argues that the certificate is so ambiguous and so indefinite as to authorize an unrestricted operation by Gray Line contrary to the evidence presented and the intended grant of authority as appears from the Commission decision. In particular, it is stated the certificate is unrestricted as to the passengers to be transported, indefinite as to the description of sites to be served, and indefinite as to scheduled times of operation.

This issue on the construction and interpretation to be given the grant had not been raised before the Commission, nor was it discussed in the briefs submitted to this court. Greyhound's difficulty in determining the scope of the certificate should properly be presented to the authority which issued it and upon whom Congress has placed the responsibility of action. The question of interpretation should first be litigated before the Commission. 49 U.S.C.A. §§ 304(d), 312; see Service Storage & Transfer Co. v. Com. of Virginia, 359 U.S. 171, 179, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959); United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 36–37, 73 S.Ct. 67, 97 L.Ed. 54 (1952).

The motion of the plaintiff to enjoin and set aside the order of the Commission is denied and the order of the Commission is affirmed. An order in accord therewith has this day been entered.