891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel G. EUBANKS, M.D., et al., Plaintiffs-Appellees,
v.
Wallace WILKINSON, et al., Defendants,
John and Jane Doe, Pseudonym, et al., Intervening
Defendants-Appellants.
 No. 89-5353.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1989.
 
 Before MERRITT and WELLFORD, Circuit Judges, and ROBERT E. DeMASCIO,* U.S. District Judge.
 PER CURIAM:
 
 
 1
 We have heretofore indicated by an order following oral argument in this case that we will hold in abeyance further consideration of the merits of the case until the Supreme Court decides issues in other pending cases before that Court which may bear upon our decision. We now determine that the appeal of intervening defendants, fourteen parents of minor children of childbearing age (John and Jane Doe, et al), should be dismissed.
 
 
 2
 The district court struck down certain provisions of the informed consent statute in controversy, particularly the criminal sanctions against doctors such as plaintiffs because of a "vagueness" which rendered it unconstitutional. Judge Allen stated:
 
 
 3
 ... we should also note that the section of the statute which makes it a crime for the attending physician to perform the abortion unless he has received the consent of both parents "if available" is clearly unconstitutional because of its vagueness. A criminal statue that "fails to give a person of ordinary intelligence fir notice that his contemplated conduct is forbidden by the statute or is so indefinite that it encourages arbitrary and erratic arrest and convictions is void for vagueness." See Colautti v. Franklin, 439 U.S. 379, 390 (1979). This is "especially true where the uncertainty induced by the statute threatens to inhibit the exercise of constitutionally protected rights." Colautti, supra, at 391.
 
 
 4
 Here, the physician has no reasonable guide to determining what is meant by the phrase "if available." If the parents are divorced and living in the same community as the minor, are they available within the meaning of the statute? If the parents are divorced and living in separate cities, is the non-custodial parent available? If a parent is in some form of institution, is he or she available? To subject a doctor to criminal liability that turns on the meaning of a phrase that contains as many possibilities as does the phrase "if available" would place an undue burden upon the physician to determine whether the conduct was criminal.
 
 
 5
 (August 23, 1988 Memorandum Opinion)
 
 
 6
 In that same opinion the court indicated "we are convinced that the burden imposed by the two-parent consent requirement cannot be justified constitutionally, except where the young woman reports that she lives at home with both parents. If the young woman lives with one parent or guardian, the consent of the adult may be required."
 
 
 7
 The judgment entered by the district court incorporated the latter holding but did not specifically strike the criminal sanctions section of the law. Enforcement of the law was enjoined temporarily, and the requirement of notarization of consent forms was permanently enjoined. Plaintiffs within thirty days appealed from this "final judgment."[1]
 
 
 8
 On February 22, 1989 the district court entered a "memorandum and order," which included the following:
 
 
 9
 The Court has noted that its August 23, 1988 judgment did not explicitly enjoin enforcement of the portion of the statutory scheme that would have made a physician criminally liable for performing an abortion without the required consents. The accompanying memorandum clearly stated the Court's ruling that the statutory provision was void for vagueness, and the subsequent memorandum opinion concerning stay pending appeal also referred to the Court's having barred enforcement of that provision. The parties have proceeded with an apparently clear understanding that the provision is not to be enforced. It is clear that omission of specific reference to this matter in the order was mere oversight, and did not constitute a ruling contrary to that announced in the opinion.
 
 
 10
 Intervening defendants filed a notice of appeal on March 22, 1989 from the February 22, 1989 order. Plaintiffs have since moved to dismiss this appeal because it is asserted to be untimely and because intervening defendants have no standing to challenge the district court's striking of the criminal sanction.
 
 
 11
 While it is true that timely filing of a notice of appeal is both mandatory and jurisdictional, United States v. Robinson, 361 U.S. 220, 224 (1960), and it seems evident that the district court on February 22, 1989, merely clarified what it clearly intended to do on August 23, 1988, we choose to dismiss intervening defendants' appeal on the standing issue rather than untimeliness.
 
 
 12
 "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 1973.
 
 
 13
 See also Leeke v. Timmerman, 454 U.S. 83 (1981). Adopting the above rationale, the Supreme Court held in a somewhat similar factual setting in Diamond v. Charles, 476 U.S. 54, 56:
 
 
 14
 The State of Illinois has chosen to absent itself from this appeal, despite the fact that its statute is at stake. Because a private party whose own conduct is neither implicated nor threatened by a criminal statute has no judicially cognizable interest in the statute's defense, we dismiss the appeal for want of jurisdiction.
 
 
 15
 The Commonwealth has not appealed from either of the district court orders in this case. Defendant intervenors seek to restore the criminal sanctions in the statute. We conclude that they have no standing to do this. As in Diamond v. Charles, we dismiss the appeal of intervening defendants for want of standing and conclude that we lack jurisdiction to consider that aspect of this case.
 
 
 16
 Plaintiffs argue that Dr. Diamond was intervening as a doctor who might benefit by the statute (as a pediatrician), as a guardian ad litem for "unborn fetuses," and as "father of a daughter of childbearing years." Diamond, at 58, 67. They maintain that in the latter category they have made a showing that Dr. Diamond did not make. Id. at 67. We find the principles that are expressed in Diamond in the case of criminal sanctions to be applicable here, compelling the conclusion that intervening defendants, as private citizens, have no standing in the absence of an appeal by the Commonwealth of Kentucky. See 70 L.Ed. 941; Princeton University v. Schmid, 455 U.S. 100 (1982).
 
 
 17
 We accordingly DISMISS the appeal of the intervening defendants.
 
 
 
 *
 The Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The district court's 8/23/88 judgment specifically indicated that it was "a final and appealable order."